### Melciades Duque v. The State.

#### No. 4158.   Decided May 12, 1909.

**1.—Murder—Sufficiency of the Evidence—Imputing Crime to Another.**

Where upon trial for murder the evidence showed that the defendant and another assaulted the deceased, the fact that the deceased would have died from the injury inflicted by defendant's companion would not relieve defendant of the responsibility of the homicide. Deceased was alive at the time defendant inflicted the blows, and if he contributed to bring about or hasten the death of the deceased he was guilty of the homicide. The evidence of the State showed defendant guilty of murder, and there was no error

**2.—Same—Evidence—Bill of Exceptions.**

Upon trial for murder where the bill of exceptions did not state the object or purpose for which the rejected testimony was sought to be introduced, the same could not be considered on appeal; besides the testimony was wholly immaterial.

**3.—Same—Severance—Imputing Crime to Another.**

Where upon trial for murder the evidence showed that defendant and another had assaulted deceased and killed him, there was no error in the court's refusal of a severance, on the ground that defendant's companion had struck deceased before he did.

Appeal from the District Court of Goliad.   Tried below before the Hon. James C. Wilson.

Appeal from a conviction of murder in the second degree; penalty, seventy-five years confinement in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was given seventy-five years in the penitentiary under a charge of murder.

The statement of facts is voluminous and prolix in detailing the evidence. The sum and substance of the facts, however, we think, may be briefly stated about as follows: The deceased Crespin Espinosa and one Crecencio Perez were at enmity. There had been previous trouble between them. So far as the record discloses, however, there had been no trouble between the deceased and appellant. On the night of the homicide and shortly prior thereto it seems there had been some words between Perez and the deceased, and a difficulty had been averted by one of the witnesses named Ortiz. The parties separated, Ortiz, Perez and appellant going off in one direction, and the deceased in another, though the lines of travel of the parties were not far apart. After going a short distance deceased was observed walking, and Perez went to where he was and engaged him in a difficulty, the State's evidence showing that Perez struck him several heavy blows with a mesquite club; that Ortiz interfered, and was carrying Perez away when appellant picked up the club and dealt deceased several blows. Most of the blows took effect upon the head, some of them upon other parts of the body. The skull was broken in more than one place. This occurred after midnight—perhaps about one o'clock. The deceased died about 5 or 5:30 o'clock the same night. There is considerable testimony in regard to the transaction, the examination and cross-examination of the witnesses being rather rigid and minute. There is also evidence that near by was a wood pile, and tracks were traced indicating that the mesquite club or stick may have been taken from the wood pile, and one of the officers testified that these tracks corresponded with those made by appellant's shoes; that is, they were the same size. However, this is not considered a very important fact, because the State's evidence is clear that appellant struck the deceased several blows with the club.

1. It is contended that the evidence is not sufficient to warrant a conviction. We are firmly convinced that it is sufficient. The violence of Perez upon the person of deceased may have been sufficient to produce death ultimately, though the evidence does not show this fact; but if it be true that the deceased would have died from the injuries inflicted by Perez, still this would not relieve appellant of the responsibility for the homicide. He can not be heard to speculate upon the question as to whether the deceased would have recovered or died from

the injuries inflicted by Perez. Deceased was alive at the time appellant inflicted the blows, and if he contributed to bringing about, or hastened the death under the circumstances of this case, he would be guilty of the homicide. We have not thought it proper to collate the facts introduced by the State tending to show that appellant may have had ill-will towards deceased. Of course, the testimony of the State is contradicted by the testimony of appellant himself. He denied, testifying in his own behalf, that he struck the deceased. Without going into a review of his testimony, it is sufficient to say that, had the jury believed his version of the matter, they would have acquitted him, but the issue was direct and sharp. The evidence introduced for the State showed him guilty of murder. His testimony did not tend to explain or extenuate, but it was a direct denial of any connection with the homicide. He admitted his presence at the place, but denied any criminal connection with the matter.

2. Appellant reserved a bill of exceptions, which recites practically as follows: The State, on its direct examination of the witness Juan Ortis, proved that Crecencio Perez struck Crespin Espinosa, the man for whose murder Crecencio Perez and appellant were jointly indicted, from four to six licks with the club offered in evidence as the club with which the murder was committed; that the State also proved by the witness Juan Ortis that the said Crecencio Perez was a one-armed man, and commonly known as El Mocho, which means a "cripple." The State also proved by the witness Willemin that the club offered in evidence weighed, at the time of the killing, at least five pounds and ten ounces; that when the defendant attempted to prove by the witness Pettus as to the ability of the said Perez to use the said club, and as to his ability to use a hoe or an axe as well as an ordinary man could with both hands, the State objected to the testimony because it was irrelevant, immaterial and prejudicial to the rights of the State. These objections were sustained and the testimony excluded. The witness Pettus, if he had been allowed to testify, would have sworn that Perez was able to use the club offered in evidence; that he had seen him at work on a bridge gang, and that he was able to lift the heavy timbers as well with his one arm and the stub of the other arm as the other men at work on said bridge could with both hands; that the said Crecencio Perez was able to use a hoe and to chop corn with his one arm and the stub of the other arm, and that he was able to do his work as well and as fast as an ordinary man could with both hands. It will be noticed that the bill of exceptions is defective in that it does not state the object or purpose of seeking to introduce this testimony. The omission of this from the bill renders it unnecessary to discuss it, but we can not see how the rejection of the testimony from any standpoint would be error of any importance, even if error at all. The evidence shows beyond conflict, as Ortiz and appellant both swear, the fact that Perez did strike the deceased from four to six licks with the club in question. This evidence shows that Perez was fully able to

handle a club effectively, and it is also shown otherwise that he was a stout, athletic man. Where the evidence shows conclusively that the weapon was used, and used effectively, the mere statement by another witness, that he who used it was capable of doing the things he did, would be of no practical value. Its omission from any standpoint would not be reversible error, even if error at all.

3. There is another bill reserved, which recites that appellant, having claimed a severance and having been placed on trial, and after the jury had returned a verdict of guilty of murder in the second degree, against him, he filed a motion for a new trial, and set up as one of the grounds of said motion that the verdict of the jury was contrary to the law and the evidence, in that the evidence shows that Perez was the man who murdered deceased, because he struck deceased four to six licks with a club weighing not less than five pounds and ten ounces, before there was any evidence that appellant struck the deceased. We have sufficiently treated this question in former part of this opinion, and deem it unnecessary to review it further.

We hold, as before stated, the evidence is sufficient to authorize a conviction of appellant, although Perez may have struck the deceased not less than four licks with a club used in the difficulty, and before appellant struck deceased.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*