### Dick Decker v. State.

No. 2294. Decided February 26, 1913.

**1.—Murder—Evidence—Hearsay.**

Upon trial of murder, there was no error in not permitting defendant's witness to testify what another had told him about the stick that was used by the deceased in killing defendant's son.

**2.—Same—Evidence—Practice—Discretion of Court.**

Under Article 718, Code Criminal Procedure, there was no error in permitting the State to introduce a witness after the defendant had closed his evidence, who testified that he had examined the ground over which deceased had traveled immediately after the shooting and found no weapon; this was within the sound discretion of the court; the testimony being clearly admissible.

**3.—Same—Charge of Court—Requested Charge.**

Where, upon trial of murder, there was evidence that defendant fired four shots at the deceased, there was no error in refusing a requested charge that if either of the first shots were fatal and the fourth was not, that the firing of the latter was immaterial, as all the facts at the time of the killing were admissible and material for the consideration of the jury.

**4.—Same—Misconduct of Jury—Statement of Facts—Practice on Appeal.**

Under the uniform holding of this court, a statement of facts concerning the misconduct of the jury which is filed after the adjournment of court cannot be considered; besides, there was not error in overruling defendant's motion for new trial on this ground. Following Knight v. State, 64 Texas Crim. Rep., 541.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence sufficiently sustained the conviction under a proper charge of the court, there was no error.

Appeal from the District Court of Madison. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of statement of facts of evidence on motion for new trial; Lucas v. State, decided February 5, 1913; Brewer v. State, decided January 22, 1913, and cases cited in opinion.

PRENDERGAST, JUDGE.—Appellant appeals from a conviction of murder in the second degree with a penalty of twenty-five years in the penitentiary fixed.

On the last Saturday night in April, 1912, at a party, George Decker, the son of appellant, had an altercation or fight with Clarence Jones, the deceased in this case, in which Jones struck George Decker on the side of the head with a stick of wood,—perhaps a fence picket, knocking him down. Later, George Decker was taken home, was úp, about and went to church the next day. No doctor was called in until perhaps Monday. From the effects of this lick, however, he died about Tuesday after being struck Saturday night. On Saturday evening of the following week, appellant and Jones were in the .town of Madisonville Jones was walking across the streets from some of the stores to the courthouse, which seems to be in the square. Appellant saw him and started towards him, drawing his pistol. Some one or more persons holloed to Jones, "Look out! look out!" Jones then glanced back over his shoulder and started to run, going from appellant. Appellant then shot at him four times, advancing all the time. With the third shot deceased fell. Appellant advanced to within a close distance of him and with both hands took aim and shot at him the fourth time, then turned, walked back and delivered his pistol to the city marshal. From the effects of the wounds Jones died almost immediately. Jones was wholly unarmed. The killing was witnessed by a great many and was proven by several eyewitnesses. Appellant did not testify. His son, however, testified to a state of facts that if believed, tended to show that appellant killed Jones in self-defense. The court properly submitted that to the jury. The great preponderance of the testimony was against self-defense. The court also properly submitted manslaughter and gave a correct charge, to which there is no objection, on murder in the first and second degrees.

There are but few questions raised necessary to pass upon and decide.

By one bill appellant complains that the court refused to permit his witness Puckett to testify what Bob Cox told him, the witness,— that he had gotten the stick that Jones killed George Decker with,

and that Jones told him to get the stick and hide it in order that he might have it in court, and that he went and got the stick behind a log and hid it. The court properly excluded this testimony as hearsay.

By another bill appellant complains that the court, after the defendant had closed his evidence, erred in permitting E. A. Berry to testify in rebuttal, over his objection, "that immediately after the shooting had ceased I went out and examined the ground over which the deceased had traveled from the beginning of the shooting to where he fell, looking for a pistol and I never found any pistol on the ground, and I helped Dr. Speere undress the deceased, and we never found any pistol on his body." The grounds of appellant's objections to this testimony were that it was not in rebuttal, and because it had not been shown that appellant knew deceased did not have any pistol at the time of the shooting. It has uniformly been held by this court, under Article 718 Code Criminal Procedure: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice," that it is within the sound discretion of the court to admit testimony as authorized by said statute. Nothing in the record, or bill, indicates that the court in any way abused his discretion in permitting this testimony. The testimony was clearly admissible.

The only other bill in the record is to the refusal of the court to give his first special charge. It is unnecessary to quote this charge. The effect of it was to tell the jury that if either of the three first shots were fatal, and the last, or fourth shot was not, then the firing of any shot after the fatal shot had been fired was immaterial in determining appellant's guilt, and that the jury would not be influenced by the firing of any shots that were not fatal shots after it reasonably appeared to defendant that he was out of danger. This charge clearly was erroneous as all of the facts at the time were admissible and the circumstances under which the last shot was fired was material for the consideration of the jury in determining the degree of guilt of appellant, if guilt was established.

Appellant complained in his motion for new trial that some of the jurors who tried the case were disqualified because they had formed and expressed an opinion of appellant's guilt before they were taken on the jury. This ground of the motion for new trial is not sworn to by anyone and the court could have declined to hear it on that account. There appears in the record what purports to be a statement of the facts heard by the court, however, on this ground of appellant's motion for new trial. It shows that it was agreed to by the respective attorneys in December, 1912, and was approved by the court on December 4, 1912, and filed by the clerk on December 5, 1912. The court adjourned for the term at which appellant was tried on November 16, 1912. Under the uniform holding of **this**

court this purported statement of facts can not be considered. Knight v. State, 64 Texas Crim. Rep., 541, 144 S. W. Rep., 967 and cases there cited. It is needless to cite other cases. However, we have looked over this statement of facts and even if it could be considered, in our opinion, the court therefrom was authorized to find and hold against appellant on said ground of his motion.

The only other ground of appellant's motion for new trial is that the evidence is insufficient to sustain the verdict of conviction of murder in the second degree, and claims that it only established manslaughter. We have carefully read and considered all of the evidence. In our opinion it not only is amply sufficient to sustain the conviction of murder in the second degree, but it would have sustained a verdict of murder in the first degree. There being no error the judgment is affirmed.

*Affirmed.*