### JOHN B. WEBSTER V. THE STATE.

No. 9990.   Delivered April 7, 1926.

Rehearing granted State May 19, 1926.

Rehearing by Appellant withdrawn January 12, 1927.

**1.—Manslaughter—Charge of Court—Self-Defense—Reasonable Doubt.**

Where, on a trial for manslaughter, the court in affirmatively sub-
mitting the appellant's theory of self-defense failed to give him in connec-
tion therewith the application of the reasonable doubt, the cause must
be reversed. See, however, opinion on rehearing by the state.   Following
Regitano v. State, 257 S. W. 906; Tucker v. State, 104 Tex. Crim. Rep. 599.

**2.—Same—Evidence—Of Other Transactions—Inadmissible.**

Where the court, on a homicide trial, admitted evidence that ·the
defendant and another party had a fight, some time prior to the difficulty,
this testimony was erroneously received.   There is no rule of evidence
which permits proof of a prior difficulty between the accused and a third
party to be introduced in evidence in the trial of a homicide case, unless
the deceased was in some manner connected with such prior difficulty.

**3.—Same—Evidence—Held Inadmissible.**

Where, on a trial for manslaughter, it was error to admit proof that
the witness, Mrs. Wagner, who was connected with the appellant in the
picture show business, had fainted when told about the killing.   This had
no bearing on the subject under investigation, and shed no light on the
difficulty.   The trial court should confine the testimony to matters that
shed light on the transaction under investigation.

ON REHEARING BY THE STATE.

**4.—Same—Charge of Court—Reasonable Doubt—Rule Stated.**

While this court has held that in the paragraph of the court's charge
submitting affirmatively the theory of the defense, it may constitute a
reversible error to fail to submit in connection therewith an application
of the law of reasonable doubt, there is no hard and fast rule that every
case must be reversed for such failure.

**5.—Same—Continued.**

As it is said in the Andrews case, 275 S. W. 1024, an opinion by
Presiding Judge Morrow:   "The rule requiring that the law of reasonable

doubt be embraced in the paragraphs of the charge submitting the affirmative defense, is not so imperative or inflexible as to demand a reversal in every instance in which the rule is not observed." It is a safe practice, however, to give the law of reasonable doubt as a part of the affirmative presentation of the defensive theory, where one is advanced. Distinguishing Hathcock v. State, 281 S. W. 859, and Tucker v. State, 104 Tex. Crim. Rep. 599.

### 6.—Same—Continued.

The failure of the court in paragraph 16 of his charge to embrace the reasonable doubt therewith would not warrant the reversal of the case, when viewed in connection with paragraphs 15, 17 and 18. It is a well known rule that the charge must be looked to as a whole, and the last quoted paragraph fully instructs the jury to acquit, on the ground of self-defense, if they have a reasonable doubt as to whether the killing was in self-defense. In the original opinion paragraph 18 was overlooked.

### 7.—Same—Charge of Court—Defendant's Standpoint—Held Correct.

Where the court charged, in submitting the issue of self-defense, that the jury, in viewing the matter, must look at it from what they believed, *from the evidence*, to have been the standpoint of the appellant at the time of the occurrence. In viewing the transaction from the defendant's standpoint the jury must view it from that standpoint, *from the evidence*. Distinguishing Tro v. State, 274 S. W. 634.

ON REHEARING BY APPELLANT.

### 8.—Same—Motion Withdrawn.

Appellant having filed a request herein, duly verified, to withdraw his motion for rehearing, same is granted, and mandate ordered issued on the original judgment granting the state's motion for rehearing.

Appeal from the District Court of Wheeler County. Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*Hoover, Hoover & Willis* of Canadian, for appellant.

*J. A. Holmes*, District Attorney.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is manslaughter and the punishment is two years in the penitentiary.

The issue of self-defense was clearly raised by the evidence. In submitting this issue to the jury the court gave the following charge:

"Now, you are instructed that if, from the evidence, you believe the defendant killed the said John Patton, but further

believe that at the time of so doing the deceased had made or was making an attack on him, which, from the manner and character of it, caused the defendant to have a reasonable expectation or fear of death or serious bodily injury, and that, acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him and say by your verdict, not guilty."

The appellant pertinently excepted to said charge among other grounds for the reason that it required the jury to believe the defensive theory before they could acquit the defendant and failed to give him in connection therewith the benefit of the reasonable doubt. This charge was clearly more onerous on the defendant than the law requires and a charge in nowise unlike it was expressly condemned by this court in the case of Regitano v. State, 257 S. W. 906. It was also condemned in the case of Hathcock v. State, in an opinion delivered March 17, 1926. Also see Tucker v. State on rehearing this day decided. The state in our opinion correctly confesses error in regard to this matter.

Appellant complains at the court's action in permitting proof of the details of a fight between the defendant and another party some time prior to the difficulty. In the event of another trial unless there is testimony in some manner connecting the deceased with this prior difficulty, we think the evidence of it should be excluded. We know of no rule that would permit proof of the details of a prior difficulty between an appellant and a third party to be introduced in evidence in the trial of a homicide case unless the deceased was in some manner connected with said prior difficulty.

Complaint is also made at the court's action in permitting proof by the state that the witness, Mrs. Wagner, who was connected with the appellant in the picture show business, fainted when told about the killing. This testimony in our opinion was improperly admitted. It had no bearing on the subject under investigation and shed no light on the difficulty. If it had any effect one way or the other it could have been only to prejudice the appellant's case before the jury. It is always a safe rule to follow in the trial of a criminal case for the trial court to confine the testimony to matters that shed light on the transaction under investigation. The two matters last discussed may not have been sufficient within themselves to have caused a reversal of the case but they are discussed in view of another trial.

For the error in the court's charge the judgment is reversed and the cause remanded.          *Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, JUDGE.—The state asks for a rehearing on the ground that the supposed error in the charge for which reversal was ordered, is not sustained by the record, and that the two other matters deemed erroneous were not of such importance as to call for a reversal.

We are of the opinion that it is not sound to attempt to lay down any hard and fast rule that every case must be reversed in which the paragraph presenting affirmatively the theory of the defense does not contain an application thereto of the law of reasonable doubt. The cases of Hathcock v. State, 281 S. W. 859, and Tucker v. State, 281 S. W. 869, are not capable of being so construed. Those cases merely hold that the reasonable doubt should be submitted in connection with the affirmative defense offered.

In Andrews v. State, 275 S. W. 1024, upon authorities cited, this court through its Presiding Judge states:

"The rule requiring that the law of reasonable doubt be embraced in the paragraph of the charge submitting the affirmative defense, is not so imperative or inflexible as to demand a reversal in every instance in which the rule is not observed."

We further state in this connection that it is a safe practice, however, and one to be commended to trial courts, that they give the law of reasonable doubt as a part of the affirmative presentation of the defensive theory when one is advanced.

In the instant case paragraphs 15, 16, 17 and 18 of the charge all related to self-defense and lay down directions to the jury in regard to said theory, and might appropriately have been combined in one extended paragraph. Paragraph 16 thereof is quoted in our original opinion. Paragraph 18 is as follows:

"You are further instructed that if you should find and believe from the evidence, beyond a reasonable doubt, that the defendant did shoot and kill the said John Patton at the time and place charged in the indictment, yet if you have a reasonable doubt as to whether the killing was done in the defendant's self-defense, you will resolve the doubt in favor of the defendant and say by your verdict, not guilty."

Construing paragraphs 16, 17 and 18 together, and bearing in mind the well known rule that the charge must be looked to

as a whole, it is obvious that said last quoted paragraph fully instructs the jury to acquit on the ground of self-defense if they have any reasonable doubt as to whether the killing was in self-defense. The jury could not have mistaken the application of the principle laid down in paragraph 18, and must have given it effect when they considered paragraphs 16 and 17. We think we erred in directing a reversal upon the ground that paragraph 16 of the charge was erroneous because it did not contain within itself an instruction upon the law of reasonable doubt. In the original opinion we overlooked paragraph 18 supra.

Neither of the other two matters mentioned in our former opinion are deemed of any serious import. From the record it appears that deceased and Will Lard went to appellant's place of business to borrow a car; Lard and appellant went into a private office where, in a few minutes, they had a fight. Deceased, after waiting a short time for Lard, had gone away. Lard got the worst of his encounter with appellant. From his place of business appellant went home, got his pistol with cartridges and returned to the business part of the town where he was some fifteen or twenty minutes after his fight with Lard. Deceased approached appellant and without warning struck the latter two blows with his fist. It is further made to appear that during the short interim between the visit of Lard and deceased to appellant's place of business, deceased had been looking for appellant, had been back to his place of business and to another place asking for him. We find nothing in the record pertaining to appellant's fight with Lard, nor to the fainting of appellant's witness, Mrs. Waggoner, which in any way could affect the sufficiency of the testimony herein to support the jury's verdict of guilty of man-slaughter, or that could have injuriously affected the rights of appellant on this trial. He was given the lowest penalty by the jury. Deceased was undisputably in his shirt-sleeves; he attacked appellant with his fist, had no other weapon, struck appellant two severe blows, whereupon appellant drew his pistol and shot twice killing deceased. A blow with the fist causing pain or bloodshed is deemed by our lawmakers adequate cause to reduce a homicide to manslaughter. The jury were so told. Their verdict responded to this instruction and these facts and they saw fit to give appellant the benefit of every apparent doubt and inflicted the lowest penalty.

In his argument resisting the state's motion herein appellant urges that paragraph 17 of the court's charge was erroneous. Same tells the jury that in viewing the matter they must look

at it from what they believed from the evidence to have been the standpoint of the appellant at the time of the occurrence. This we believe to be correct. We find ourselves unable to see how the jury could look at the matter from the defendant's standpoint save as that standpoint was presented by the evidence adduced before them, and we perceive no error in telling the jury that it was their duty to determine from the evidence what the standpoint of the accused was at the time of the shooting. There is no analogy between the case before us either on the law applicable or the facts, and that of Tro v. State, 274 S. W. 634.

The motion of the state is granted, the judgment of reversal set aside, and the judgment of the trial court is now affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO WITHDRAW REHEARING.

MORROW, PRESIDING JUDGE.—Appellant has filed herein a motion in writing, duly verified, expressing his desire to withdraw his motion for rehearing. The motion will be granted, and mandate will issue on January 12, 1927, on the judgment of affirmance entered May 19, 1926, on the granting of the state's motion for rehearing.

*Motion withdrawn.*