### ALEC HODGE v. THE STATE.

No. 10294.   Delivered December 8, 1926.

**1.—Murder—Jury Wheel—Properly Filled.**

Where, on a trial for murder, appellant filed a motion to quash the jury panel tendered him, and it was shown that the jury wheel for the county had, through an error, been filled with the names of taxpayers for the year 1924, and when the error was discovered, the court ordered a new list of the taxpayers for the year 1925 to be placed in the wheel, from which the panel presented to appellant was drawn, the court properly overruled the motion to quash the panel.

**2.—Same—Bill of Exception—In Question and Answer Form—Not Considered.**

Where appellant complains of the testimony of a witness, who testified that she did not see any blood on the deceased's chest, but saw some on the ground, and the bill of exceptions presenting the matter is in question and answer form, same cannot be considered, although there is no harmful error apparent in the admission of said testimony.

**3.—Same—Charge of Court—Requested Charge Given—No Error Shown.**

Where the appellant complains of the omission of the court to properly instruct the jury on his theory of self-defense, and a requested charge presented by appellant fully covering the matter complained of was given, *no error is presented.*

**4.—Same—Charge of Court—Issue Not Raised—No Error Shown.**

Where appellant complains of the failure of the court to instruct the jury that if appellant was justified in firing the first shot, he would be justified in firing the second, there is no merit in such complaint, because such is not the law, and no issue of appellant's right to continue to shoot, as long as he believed himself in danger, was raised by the evidence in the case.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. W. McCrory, Judge.

. Appeal from a conviction of murder, penalty twenty-five years in the penitentiary.

The opinion states the case.

*O. B. Black* of San Antonio, *T. H. McGregor* and *A. L. Love* of Austin, for appellant. On his motion to quash the jury panel the appellant cites:

Knott v. State, 274 S. W. 978.

McNeal v. State, 274 S. W. 981.

Carroll v. State, 282 S. W. 233.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of murder in the Ninety-Fourth District Court of Bexar County, and his punishment assessed at twenty-five years in the penitentiary.

It was the contention of the appellant that the deceased, Cornelius Pickens, owed him some money and that on the day of the homicide he had insisted upon the payment of same, at which time the deceased abused him and applied to him vile and opprobrious epithets, threatened to kill him, and attempted to assault him with a trowel, following him down the streets of San Antonio for quite a distance and to a point within the close proximity of his house; that he secured his Winchester, and observing the deceased on the street nearby, he approached the deceased with a view of requesting an explanation for deceased's desire to harm him; and that the deceased, upon being spoken to, again called him vile names and was advancing upon him when he shot and killed the deceased in self-defense. It was the contention of the state, and evidence was introduced to that effect, that the appellant killed the deceased because the latter refused to pay him, and that the deceased was shot while he had his hands up.

In bill of exception No. 1 complaint is made to the refusal of the court to quash the jury panel because the jury wheel had not been filled in accordance with Arts. 2094-2095 of the 1925 Revised Statutes. It is shown in said bill that after this court rendered the opinion in the case of Atwood v. State, 257 S. W. 563, the district judges of Bexar County, in order to comply with the holding in that case, ordered the jury wheel

to be emptied and refilled in keeping with Arts. 2094-2095, supra. It further appears from said bill that the officials, in filling said wheel prior to the order aforesaid, used the tax list and tax roll for the year 1924, although the tax roll and list for 1925 had been properly completed and was ready for use, and should have been used instead of the 1924 tax roll; and that when the proper officials, in January, 1926, sought to comply with the order of the district courts by refilling said wheel, they used the tax roll and tax list for 1925 instead of the tax roll and list for 1924. The appellant's contention is that the court should have sustained his motion to quash the panel for the reason that the wheel originally having been filled from the tax roll and list for 1924, said tax roll and list for 1924 should have been used in refilling the jury wheel instead of the tax roll and list for 1925. We are unable to agree with this contention and are clearly of the opinion that the court committed no error in overruling said motion. This bill clearly shows that the wheel was unlawfully filled in August, 1925, from the tax roll and list for 1924, and that the tax list and roll for 1925 was then accessible and should have been used, and that if the officials had followed the statutes they would have filled said wheel originally from the tax roll of 1925 instead of that for 1924. In other words, the wheel, as refilled in 1926, gave the appellant a jury from the tax roll and list of 1925, which the law contemplated he should have, and had the wheel been refilled from the tax roll of 1924, in accordance with his contention, he would have had an illegal jury and one not contemplated by law. We fail to see any merit in this contention and are of the opinion that the appellant has no room for complaint.

In bill of exception No. 2 complaint is made to the action of the court in permitting the state's witness, Marie Thompson, to testify that she did not see any blood on the deceased's chest, but saw some on the ground. This bill is in question and answer form and is therefore not prepared in keeping with the statute and the decisions of this court. However, we fail to see any harmful error in the admission of said testimony.

Bills 3 and 4 embrace objections and exceptions to the court's charge and call in question his failure to instruct the jury, in effect, that the appellant had the right to arm himself for protection and for the purpose of seeking an explanation from the deceased, and that by doing so he would not abridge or forfeit his right of self-defense. The court gave to the jury appellant's special charge No. 4 covering this phase of the case.

Bills 5 and 6 complain of the court's failure to apply the law

of manslaughter to the facts of the case. The record discloses that the court, at the instance of the appellant, gave his special charge No. 3 which, in our opinion, taken in connection with the general charge, fully covers the criticism urged by the appellant herein.

Bills 7 and 8 contain objections and exceptions to the court's failure to charge the jury "on the law of cooling time." We are of the opniion that the evidence did not call for such a charge. The court, in his general charge, supplemented by a special charge requested by appellant, charged all the law of manslaughter that the evidence warranted on this issue.

In bill No. 9 the appellant complains of the failure of the court to charge the jury that if the appellant was justified in firing the first shot, he would be justified in firing the second shot. We are of the opinion that there is no merit in this contention and that the facts in this case did not warrant such a charge. We think also that the court, in his general charge and the special charge No. 6 given at the request of the appellant, fully covered all phases of the defense raised by the testimony. At any rate, a failure to give this charge was not such harmful error, in our opinion, as to require a reversal of this case under Art. 666 of the C. C. P.

After a careful examination of the entire record, we are of the opinion that there is no error shown in the trial of this case and that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.