STONEWALL CARLILE v. THE STATE.

No. 11253. Delivered January 25, 1929.
Rehearing denied June 5, 1929.

*J. H. Beavers, Jas. T. Casey* and *C. C. Hines* of Marshall, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, seven years in the penitentiary.

A former appeal of this case is reported in 90 Tex. Crim. Rep., p. 1, where will be found a statement of the facts which, together with those herein given, are sufficient to illustrate the legal points discussed.

Bad feeling existed between appellant and deceased. On the morning of the homicide they had met and both had drawn guns. Appellant thereafter went in a store. In a few minutes deceased approached the entrance to this store with his gun in his hand, partly upraised, and stepped up to the door as if to enter, when he was shot by appellant.

The Court charged the jury in part as follows:

"Now bearing in mind the foregoing instructions if you believe from the evidence that at the time of the homicide that the deceased John Lance was making or in the act of making an attack upon the defendant, Stonewall Carlile was a gun, which from the manner and character of its use, caused Stonewall Carlile to have a reasonable expectation of fear of death or of serious bodily injury at the hands of John Lance, viewing it from Stonewall Carlile's standpoint alone, and that acting under such reasonable expectation of fear of death or of serious bodily injury, if he so acted, the defendant shot and killed the said John Lane—then you should acquit the defendant."

If the charge of the Court had stopped here, this case would have to be reversed as said paragraph is clearly erroneous, because it authorized the jury to determine the issue of self-defense upon whether the jury itself believed deceased was making or about to make an attack, instead of whether it reasonably so appeared to appellant. It is the belief of defendant as to the existence of facts, and not the truth of facts, that should be submitted to the jury. Arthur v. State, 46 Tex. Crim. Rep. 479. Branch's P. C., p. 1074.

A charge in substantially the same language was condemned on a former appeal of this case, reported in 90 Tex. Crim. Rep., p. 1. See also Lyons v. State, 159 S. W. 1071; Williams v. State, 61 Tex. Crim. Rep. 356; Adams v. State, 47 Tex. Crim. Rep. 347; Ballard v. State, 160 S. W. 716; Branch's P. C., Sec. 1926. The Court, however, in immediate connection with the above gave a correct and exhaustive charge on self-defense predicated upon apparent danger. The charge must be considered as a whole. When thus considered, it authorized an acquittal;

(1) If the jury believed deceased had made or was about to make an attack, or

(2) If it reasonably so appeared to defendant, even though no danger in fact existed.

In either case appellant was entitled to an acquittal and the pointed reference of the Court to an attack by deceased, while not probably justified by the evidence, was we think not prejudicial to appellant. The Court, having given appellant all he was entitled to in applying the law of apparent danger to the facts, did not commit prejudicial error in authorizing an acquittal predicated upon an actual or threatened attack, the reference to which seems favorable rather than prejudicial to appellant. The charge under discussion was, of course, too restrictive, standing alone, but in connection with other paragraphs, it would be hypercritical, we think, to hold that its presence was prejudicial error. We are not authorized to reverse in matters of this kind except where the error was calculated to injure the rights of appellant. Art. 666, C. C. P. Pinson v. State, 94 Tex. Crim. Rep. 517.

Appellant contends that he was not given the benefit of the law of reasonable doubt in the Court's charge on .self-defense. We observe that in immediate connection with such charge on self-defense, at the close, the Court instructs the jury: "If you have a reasonable doubt as to whether the defendant was acting in self-defense at the time he killed John Lane, you will acquit him." While we do not commend this method of presentation, it was not in our opinion erroneous.

The rejection of the testimony of several witnesses was made the subject of many bills of exception, all of the same character and the nature of all will be sufficiently revealed by the discussion of the following:

After the appellant had introduced N. M. Porter as a witness, who testified in substance that he was in Atlanta, Texas, on the afternoon of the homicide and saw the deceased come from another house, advancing with a gun to the store house, where the appellant was then located, that upon deceased's reaching the first door of the building he turned and advanced to or into the door and while looking in the house of appellant's location, with gun in hand, the appellant fired the fatal shot, and after said witness had testified to the acts, conduct and movements of the deceased at the time and just before the shot was fired, testified to warnings and exclamations by

bystanders given in the hearing of appellant, which said acts, conduct and movements of the deceased and bystanders' actions in trying to prevent deceased's advancement were in the hearing and observation of appellant, the appellant then offered to prove by said witness the following: "That from the acts, conduct and movements of deceased at the time he was shot by the defendant, he was impressed by the belief and such was produced in his mind that the deceased was preparing and intending to shoot the defendant at the time the deceased was shot by the defendant." The Court, we think, correctly excluded this evidence. It comes within the rule announced in the case of Dunne v. State, 263 S. W. 608, and subsequently followed in Hanners v. State, 284 S. W. 554.

The opinions and conclusions of bystanders based practically upon all the defensive facts in evidence ought not to be thus placed before the jury. The appellant specially relies upon the case of Latham v. State, 172 S. W. 797, which was an opinion delivered by this Court speaking through Judge Harper. We have heretofore expressed our doubt as to the soundness of this case and a re-examination of same has confirmed, rather than changed, our original view. The proffered evidence amounted in effect to an expression of opinion by witnesses upon one of the very issues the jury were impanelled to try. There is a distinction between this and other apparently similar cases as pointed out in Dunne's case, supra.

Objection was made to proof that when deceased got his gun at a store prior to the killing that said gun was not loaded and deceased did not load same before he left the store, because not shown to be known to deceased. The evidence for the State shows that the deceased's gun was in fact loaded at the time of the homicide, as it was discharged after he was shot. We do not think the jury could have been misled by this evidence in view of this further proof. If there was proof by the State that at the very time of the homicide the deceased's gun was loaded, proof that prior thereto it was unloaded was not prejudicially erroneous.

Believing that no such errors were committed in the trial of the case as require a reversal, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant is correct in assuming that it was not the purpose of the original opinion to overrule former cases holding that an accused can not be bound by proof of the acts, statements or non-armed condition of the deceased which is unknown to accused which might impinge on his right of self-defense. We have again carefully examined appellant's contention that the first difficulty between appellant and deceased was so closely connected with the second that any evidence tending to show that deceased's gun was unloaded at the time of the first encounter would impinge on appellant's claim that he was acting in self-defense at the time of the killing. In order to appraise this contention we have carefully re-examined all the facts and have been unable to bring ourselves to appellant's way of thinking. It was established by witnesses both for the state and appellant that deceased's gun was loaded at the time of the killing; not only that, but it must have been in readiness for use, for the gun was discharged as deceased was falling, and some of the shot struck an officer who was present. If the jury had believed that deceased's gun was unloaded at the time of the first encounter the undisputed fact that it was loaded when he was killed would seem to work to appellant's benefit rather than against him as it tended to show preparation on the part of deceased.

Appellant renews his criticism of the charge as not embracing "reasonable doubt" in connection with the affirmative self-defense theory. An examination of the charge reveals that it was subdivided by numbers, each subdivision, however, consisting of paragraphs. Sub-division five contains the law relating to self-defense. It is so worded that the jury could not have failed to understand that this entire sub-division related to that subject. In paragraphs two and three of said sub-division the law of self-defense generally is explained and in paragraphs three and four application of it is made to the facts. In paragraph five of said sub-division the jury were told that if they had "a reasonable doubt as to whether defendant was acting in self-defense" to acquit. Where it becomes proper to charge reasonable doubt in connection with an affirmative defense it is not indispensably necessary that the reasonable doubt be embraced in the same paragraph of the defensive charge. All that reasonably could be required is that there be given such a charge in connection therewith as to inform the jury of its application to the defensive issue. This seems to have been accomplished in the pres-

ent case in such a way that the jury could not possibly have misapprehended its application. As we understand the Regittano case, 96 Tex. Cr. R. 477, 257 S. W. 906, there is nothing in it contrary to the view here expressed. See also Webster v. State, 105 Tex. Cr. R. 600; 289 S. W. 689 and the cases therein referred to. If the court had included the question of reasonable doubt in the same paragraph submitting the issue of self-defense the point here urged would have been avoided, and as intimated in the original opinion it would perhaps have been preferable for the matter to have been submitted that way, but we are firm in our conviction that no injury could have resulted to appellant from the manner in which the matter was here presented.

· Appellant requested a special charge which in substance would have told the jury that if appellant was acting in self-defense when he fired the first shot at deceased and that this shot produced the fatal wound "which did or would" have caused death, that any subsequent shots fired at deceased would not impair appellant's right of self-defense, although the subsequent shots were not fired at a time when he believed his life to be in danger. Appellant urges that the refusal of such special charge was an error which demands reversal. The only authority referred to by appellant in his brief is Decker v. State, 69 Tex. Cr. R. 410, 154 S. W. 566, which appellant seems to recognize does not support his contention, but makes the claim that the opinion is unsound. In the present case deceased received one wound in the left breast which was unquestionably fatal and the evidence indicates that this was the first received. Another bullet entered under the right arm and that wound also was thought by the physician to be fatal. Three other wounds on the body were not mortal. Two, and perhaps three, shots were fired at deceased after he had fallen, and one or two while he was staggering, or falling, after receiving the first shot. The evidence is uncertain as to when the shot was fired which entered under the arm. The shooting was a continuous transaction, lasting only a few seconds; there was no retreat of deceased, no pursuing by appellant, no issue of abandonment of the difficulty or a renewal thereof. The court did not undertake in any way to make the state's case depend on any subsequent shots and in presenting appellant's defense told the jury that if at the time the appellant fired "the fatal shots" it reasonably appeared to him that he was in danger, he should be acquitted, thus leaving the jury to determine the question of the fatal shots. In this connection the jury were also told that under such circumstances appellant not only had the right to kill deceased but had the right to

continue to act so long as the appearance of danger to him existed. We fail to see the propriety of an instruction such as here requested, under the facts of the present case where the shooting was continuous, only a few seconds elapsing from the firing of the first shot to the firing of the last one, and when there was no change in the relation of the parties. We think it unnecessary to discuss the matter further but refer to the following authorities which bear somewhat generally on the subject. Hardin v. State, 104 Tex. Cr. R. 178, 283 S. W. 517; Dickey v. State, 99 S. W. 269; Patterson v. State, 105 Tex. Cr. R. 398, 289 S. W. 398; Gardner v. State, 44 Tex. Cr. R. 572; Duque v. State, 56 Tex. Cr. R. 214; Maddox v. State, 76 Tex. Cr. R. 217, 173 S. W. 1026.

The motion for rehearing is overruled.

*Overruled.*