

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

November 18, 1954

Honorable Henry Wade
District Attorney
Records Building
Dallas, Texas

Dear Mr. Wade:

Opinion No. S- 146

Re: Operative date of the constitu-
tional amendment qualifying
women for jury service, and
related questions.

     You have requested an opinion on two questions relating
to the constitutional amendment which was voted on at the recent gen-
eral election, making women eligible for jury service in Texas. The
unofficial results of the election indicate that this amendment was
adopted, and your questions are predicated upon the assumption that
the official canvass of the returns will likewise show its adoption.
You have asked the following questions:

     1. Is the amendment self-executing, or will it require an
enabling act to place it in effect?

     2. If self-executing, on what date will the amendment be-
come effective?

     Section 19 of Article XVI of the Texas Constitution has
heretofore provided that "the Legislature shall prescribe by law the
qualifications of grand and petit jurors." Other provisions in the Con-
stitution limited jury service to men. This amendment changes Sec-
tion 19 to read as follows:

> "The Legislature shall prescribe by law the quali-
> fications of grand and petit jurors; provided that neither
> the right nor the duty to serve on grand and petit juries
> shall be denied or abridged by reason of sex. Whenever
> in the Constitution the term 'men' is used in reference to
> grand or petit juries, such term shall include persons of
> the female as well as the male sex."

     A constitutional amendment becomes a part of the Consti-
tution upon the date that the official canvass of the returns shows that
it has been adopted. The effective date does not relate back to the date
of the election at which it was adopted, nor is the effective date post-
poned until the date of the Governor's proclamation declaring its adop-
tion. Wilson v. State, 15 Tex.Ct.App. 150 (1883); Texas Water & Gas
Co. v. City of Cleburne, 21 S.W. 393 (Tex.Civ.App. 1892); Att'y Gen. Op.
0-6278 (1944). The returns are canvassed on the seventeenth day after

the election. Art. 8.38, Vernon's Texas Election Code. If the canvass of this election shows that the amendment carried, it will become a part of the Constitution on November 19, 1954.

We agree with you that the provision qualifying women for jury service is self-executing and that it will become operative upon its effective date without the necessity of legislative action. In 9 Texas Jurisprudence, Constitutional Law, § 13, this general rule is stated:

"A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which a right given may be enjoyed and protected or a duty imposed may be enforced; it is not self-executing where it merely indicates a principle, without laying down any rule by means of which the principle may be given the force of law."

See Mitchell County v. City Nat. Bank, 91 Tex. 361, 43 S.W. 880 (1898); Aston v. Allison, 91 S.W.2d 853 (Tex.Civ.App. 1936).

You have given an able analysis of the application of this rule to the present amendment, and we are taking the liberty of quoting the following excerpts from your brief:

"The Legislature has already prescribed the qualifications of grand and petit jurors (Art. 2133, R.C.S., and Art. 339, C.C.P.), using the word 'men' and the masculine pronoun throughout both statutes. The new amendment merely provides that where the term 'men' is used in such connection, 'such term shall include persons of the female as well as of the male sex.' This amendment reads into the present laws the constitutional construction of the term 'men' when used in reference to grand and petit juries. If the Legislature were to meet and proceed, as it undoubtedly will, to amend Article 2133, R.C.S., and Article 339, C.C.P., by adding the words 'and women' to each of them and, perhaps, use a common pronoun instead of only the masculine gender as now, it would add little to the construction of the statutes as now comprised.

"It is believed that, while there may be certain accommodating statutes passed by the Legislature concerning service on juries by mothers of small children, separation of juries in felony cases, and other matters peculiarly affecting women jurors, yet there seems to be nothing essential that needs to be done to put the amendment into immediate effect insofar as the constitutional mandate is concerned. It is self-sufficient, it would seem, and requires

no enabling act of the Legislature. It would seem that the Constitution has by this enactment given a dual meaning to the word 'men' in the 'qualifications' statutes and that as soon as the 17 days have expired and the election results canvassed, the right of women to serve on juries in Texas becomes operative."

While women will become eligible for jury service as soon as the amendment becomes effective, it does not follow that all juries organized after that date will be subject to challenge on the ground that women were excluded. Although the amendment is self-executing to remove the disqualification against women, it does not change the mechanics for selecting jurors.

In counties using the jury wheel, it is our opinion that the names of women should not be placed in the wheel until the next regular time for filling it. The jury wheel law requires that the names be placed in the wheel between the first and the fifteenth days of August each year. Art. 2094, V.C.S. Women were not qualified for jury service when the present wheels were made up, and obviously their exclusion at that time was proper. Article 417, V.P.C., makes it an offense to put cards into the wheel except at the times and in the manner provided for by law. It has been held that cards may be added at other times, upon order of a court, so as to take in persons whose names should have been placed in the wheel at the regular time, but under present decisions there seems to be no other circumstance in which the officers charged with making up the wheel would be warranted in adding cards at other times. Knott v. State, 100 Tex.Crim. 468, 274 U.S. 978 (1925); McNeal v. State, 101 Tex.Crim. 114, 274 S.W. 981 (1925); Hart v. State, 101 Tex.Crim. 514, 276 S.W. 233 (1925); Hodge v. State, 105 Tex.Crim. 396, 288 S.W. 1087 (1926); Briscoe v. State, 106 Tex.Crim. 402, 292 S.W. 893 (1927). In these cases, the jury wheels as originally filled were defective because the names of persons coming within the exempt classes had been intentionally omitted. The Court of Criminal Appeals held that the omitted names could be added at a later time, but only the names which should have been placed in the wheel when it was originally filled in August.

McNeal v. State held that the wheel should be refilled from the tax lists for the previous year, which had been used in August because the new lists were not then available, even though the new lists had been completed in the meantime. Thus, qualified persons on the new lists whose names did not appear on the old lists were excluded from jury service, but this exclusion did not vitiate the wheel. It may also be noted that there is no provision for adding the names of persons who become qualified, after the wheel is made up, by reason of their reaching the age of 21 years, or attaining the residence requirements for voting, or becoming freeholders or householders.

It is seen that a jury wheel lawfully made up at the regular time does not become invalid because it does not include all persons qualified for jury service at the time the lists are drawn from it. It is our opinion that the subsequent enlargement of the group of persons qualified for jury service does not necessitate a change in the jury wheel before the next regular time for filling it. In any event, we think the officers charged with the duty of making up the jury wheel cards should not add the names of qualified women jurors to the wheel before the regular time unless it is done under a court order. If a court should hold that the present wheels are vitiated by failure to include names of eligible women, then we think it would be proper to add their names upon order of the court, as was done in Hart v. State, but until such a ruling is made we think the additional names should not be placed in the wheels.

Our opinion on this question is given more for the benefit and guidance of the officers in charge of the jury wheel than to attempt to decide what effect the failure to include women will have on the rights of litigants. However, as already indicated, we believe that juries drawn from the wheels as presently constituted will not be invalidated by the constitutional amendment. In Glasser v. State, 315 U.S. 60 (1942), an act of the Illinois legislature making women eligible for jury service became effective on July 1, 1939. By virtue of a federal statute (then 28 U.S.C.A. § 411, now 28 U.S.C.A. § 1861) women became eligible for jury service in federal courts on that date. But the Illinois law did not require the placing of the names of women on the state jury lists until the following September. The United States Supreme Court held that although it was not necessary, in order for women to serve as federal jurors, that their names appear on the state lists, it was not error to omit the names of women from the federal jury lists where it was not shown that women's names had yet appeared on the state lists, in view of the short time elapsing between the effective date of the Illinois act and the summoning of the federal jury used in that case.

Applying the holding in the Glasser case to the present situation, it appears that a litigant could not complain of the omission of women during the interval between the effective date of the amendment and the next regular time for making up the lists, where there was no statutory authorization for adding them sooner. The amendment does not undertake to change the statutory machinery for the formation of juries, and certainly it was not the intent of the amendment to halt the administration of justice during this interval. If the present statutes provided an unreasonably long interval between fillings of the jury wheel, a litigant might have just cause to object to the omission of women if the Legislature did not cure the defect. But it is our opinion that the interval which will elapse in this instance is not unreasonably long.

Commonwealth v. Garletts, 81 Pa. Super. 271 (1923), held that a jury selected from a jury wheel from which the names of women

were excluded was legal, where there was doubt whether women were qualified for jury service at the time the wheel was filled. Subsequent to the time of filling the Supreme Court of Pennsylvania ruled that women were eligible jurors on the date the wheel was filled, but nevertheless it was held that in these circumstances the wheel as already filled was valid. In the present instance, there was no doubt on the question of qualification of women at the time the wheels were filled last August-- they clearly were not qualified at that time. So this is an even stronger fact situation than in the Garletts case for saying that the wheels are not now invalid.

It is our opinion that a similar rule will obtain in jury commissioner counties.[1] If at the time the jury list was drawn it was a legal one, the fact that women have since become eligible for jury service will not vitiate it. Lists drawn in accordance with law prior to November 19 will not be invalid because women were excluded. This rule likewise will apply to grand jury lists. We are not holding that lists drawn after November 19, 1954, will be invalid if they do not contain women. Any invalidity will result from an intentional exclusion or discrimination in assembling the names from which the jury lists are drawn. In this connection, attention is called to the following quotation from the Garletts case:

> "The president judge and the jury commissioners were in doubt as to whether women were eligible as jurors and further, there was an entire absence of suitable accommodations for women jurors. There was no waiting-room for the women and the accommodations for toilets was entirely inadequate. There were no separate rooms for women jurors, nor were there separate rooms to which women could retire when actually serving upon juries. There was only one toilet to be used in common by three jury rooms, in which juries were deliberating. There were no beds in any of the rooms and the men slept on cots. The conditions were such that when a jury was required to deliberate for days and nights, the women members thereof could not have any privacy whatever when nature demanded that all the members of the jury should be permitted to sleep, unless, indeed, they were absolutely separate in a manner which the law did not permit. The evidence fully warranted the finding by the court below, in its opinion overruling the motion to quash, that a reasonable regard for

---

[1] In justice courts, women will be subject to summons for jury service immediately upon the effective date of the amendment. Also, they may be summoned as talesmen in district and county courts.

propriety and decency suggested that the women be
not required to endure the hardships and offensive
and objectionable experiences to which jury duty
would subject them. . . .

" . . . It would . . . seem to be reasonable
to hold that women ought not to have been required
to serve immediately after their enfranchisement,
during the period of time necessary for the prepara-
tion of such quarters as to permit of their serving
without undue hardship."[2]

On the matter of separation of jurors in felony cases, the
present law must be complied with until such time as the Legislature
amends it. The obstacles arising under the present statutes are not
insurmountable; with the consent of counsel on both sides, it would be
possible to observe the accepted standards of propriety and at the same
time to comply with the statutes (Articles 623 and 668, V.C.C.P.).
However, it is our opinion that until a reasonable time has elapsed for
providing the necessary facilities and for possible revision of the stat-
utes relating to separation, the failure to include women on jury lists
which may be used in felony cases will not be ground for challenging
their legality.

You have referred to the likelihood that the next Legisla-
ture will make certain changes in the separation and exemption provi-
sions. Until such changes are made, not only the separation statutes
but the exemption statutes must be followed. A woman summoned for
jury service will not be entitled to an exemption, as a matter of right,
unless she comes within one of the classes presently exempted. Ex-
cuse from jury service because of hardship or other sufficient reason
in individual cases will be within the sound discretion of the judge.

## SUMMARY

The constitutional amendment qualifying women
for jury service in Texas will become effective on Nov-
ember 19, 1954. This provision is self-executing, and
women will become eligible for jury duty without further
legislative action.

---

[2] The Garletts case held that a male litigant could not complain of
the exclusion of women. We are not expressing an opinion on this ques-
tion, as it is beyond the scope or purpose of the present opinion. How-
ever, we will note that there seems to be a split of authority on the ques-
tion in other jurisdictions.

In jury commissioner counties, jury lists which were drawn before the effective date of the amendment will not be subject to challenge on the ground that women were excluded therefrom.

In jury wheel counties, names of qualified women jurors should not be placed in the wheel until the next regular time for filling the wheel, which will be in August, 1955. Lists drawn from the wheel during the remainder of the current period will not be invalid on the ground that women are not included.

APPROVED:

Robert S. Trotti
First Assistant


John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Mary K. Wall*
Mary K. Wall
Assistant