J. R. HILL v. THE STATE.

No. 10984.   Delivered October 5, 1927.

Rehearing denied January 25, 1928.

**1.—Murder—Charge of Court—On Cause of Death—Not Demanded by Evidence.**

Where, on a trial for murder, it was conclusively shown that a gunshot wound, inflicted upon deceased, superinduced peritonitis, from which deceased died, there was no necessity to submit in the court's charge the issue as to the cause of death. Issues to be submitted to the jury necessarily rest upon something more than speculative possibilities. See Art. 1202, P. C.; Franklin v. State, 41 Tex. Crim. Rep. 21, and other cases cited.

**2.—Same—Dying Declaration—Predicate for Introduction—Held Sufficient.**

Where the state was permitted to introduce two statements made by deceased after being shot as dying declarations, one being made at the home of a neighbor shortly after the shooting, where upon arriving he laid down on the bed and asked that his shoes be taken off, that he did not want to die with his shoes on, and that he was going to die; the other made at the sanitarium, where he used the expressions, "He got me." "I am about gone," both predicates were sufficient, under all the facts and circumstances of this case. See Underhill's Criminal Evidence, paragraph 172.

**3.—Same—Charge of Court—On Manslaughter, and Reasonable Doubt—Sufficient.**

Where the court in submitting the law of manslaughter, after defining that offense and adequate cause, instructed the jury that if they believed that the killing occurred, and that at the time of such killing the defendant's mind was in a passion produced or aroused by reason of an assault and battery, if any, having been made upon him by deceased, to find him guilty of manslaughter, and also charged on the reasonable doubt as between murder and manslaughter, such charge was sufficient. See Pitts v. State, 29 Tex. Crim. Rep. 364.

**4.—Same—Continued.**

As between the crime of manslaughter and the issue of self-defense the charge of the court, complained of, is correct. Especially in the absence of a correct requested charge, or a pointed exception from the defendant, indicating precisely the additional charge desired.

ON REHEARING.

**5.—Same—No Error Disclosed.**

A careful re-examination of the record, in the light of appellant's motion for rehearing, does not disclose that the proper disposition of the appeal made on the original hearing was not correct, and the motion is overruled.

Appeal from the District Court of Dawson County. Tried below before the Hon. Gordon B. McGuire, Judge.

Appeal from a conviction of murder, penalty ten years in the penitentiary.

The opinion states the case.

*Lockhart & Garrard*, and *F. D. Brown* of Lubbock, for appellant.

*A. A. Dawson*, State's Attorney, for the State.

MARTIN, JUDGE.—The offense is murder and the punishment ten years' confinement in the penitentiary.

The appellant lived with his tenant, Sam Parker. The two were apparently alone on the day of the difficulty and got into an altercation in which deceased, Sam Parker, was shot by appellant one time with a forty-five caliber pistol. Appellant

then left the premises and deceased walked to the home of a neighbor, where a physician was called. The physician found him suffering from an abdominal wound and advised that he be moved to a sanitarium. He was taken that afternoon to Lubbock in a Ford car, a distance of about eighty miles. The roads were very rough and deceased suffered and complained a great deal during the journey. They left about three or four o'clock in the afternoon and arrived at the sanitarium in Lubbock about eight-thirty of the same day. The deceased was found to be suffering from peritonitis, produced by the escape of bowel contents, and there were two punctures in his intestines. The wound was not necessarily fatal, one physician testifying that about ten per cent of them recovered and the other that he had never known one to recover. Deceased was operated upon and the next day he died.

Dr. Wagner of the West Texas Hospital at Lubbock testified that he would not say that it was improper treatment to bring Mr. Parker to Lubbock to one of the hospitals there upon the advise of the local practicing physician. That he would not say the ride caused his trouble, but would increase it greatly.

The appellant in the court below excepted to the court's charge because it nowhere submitted the issue of whether or not the deceased died of neglect or mistreatment or from other causes arising independent of the gunshot wound.

The local family physician testified that the wound was the cause of the death of the deceased.

We do not believe that the facts above stated raise the issue of gross neglect or manifestly improper treatment as those terms are used in Art. 1202 of the Penal Code, or of death from causes arising independently of the wound.

The evidence, we think, shows that the wound inflicted by appellant was the proximate cause of the death of deceased. True, the deceased died from peritonitis, but this was super-induced by the wound inflicted by appellant, and no testimony suggests that it may have been caused by any act or agency other than this. Issues to be submitted to the jury must necessarily rest upon something more than speculative possibilities. Franklin v. State, 41 Tex. Crim. Rep. 21; Smith v. State, 31 Tex. Crim. Rep. 513; Wood v. State, 31 Tex. Crim. App. 571.

The deceased made two statements, one after he got to the house of his neighbor, and the other to the County Attorney at Lubbock just before he went under an anaesthetic. The

defendant resisted the introduction of both of these, claiming that no proper predicate had been laid for their introduction. Upon arriving at the home of his neighbor he laid down on the bed and asked that his shoes be taken off, that he did not want to die with his shoes on. He also said that he was going to die. At the sanitarium he used the expressions "he got me" and "I am about gone." Such expressions, under all the facts and circumstances of this case, are, we think, evidence that there was in the mind of deceased a consciousness of impending death. Identical expressions and many of a similar nature have been held sufficient to show a state of mind acting under the solemnity of approaching death. Underhill's Criminal Evidence, paragraph 172.

The most serious question, to our mind, in the record arises out of defendant's exceptions to the court's charge on manslaughter. After defining manslaughter, passion and adequate cause in the language of the statute, that part of the court's charge illustrating the point involved is as follows:

"An assault and battery causing pain or bloodshed is deemed adequate cause."

"Bearing in mind the foregoing instructions, you are charged that if you believe from the evidence beyond a reasonable doubt that the defendant did, in Yoakum County, Texas, on or about the 22nd day of September, 1925, unlawfully kill Sam Parker, by shooting him with a gun, but if you further believe from the evidence that at the time of such killing the defendant's mind was in a passion, produced or aroused by reason of an assault and battery, if any, having been made upon him by the deceased, causing pain or bloodshed, or by reason of any other adequate cause, as adequate cause has been hereinbefore defined to you, which rendered the mind of the defendant at the time incapable of cool reflection, and you believe that such killing was not in defense of himself against an unlawful attack producing a rational fear or expectation or fear of death or serious bodily injury to the defendant, you will find the defendant, J. R. Hill, guilty of manslaughter, and assess his punishment at confinement in the state penitentiary for any term of years not less than two or more than five, as you may determine, and so state in your verdict; and unless you so believe beyond a reasonable doubt, you will acquit the defendant of manslaughter."

The court further charged in substance that if the jury believed beyond a reasonable doubt defendant guilty of some grade of homicide, but had a reasonable doubt as to whether

he was guilty of murder or manslaughter, to acquit of murder and find him guilty of manslaughter.

The defendant contends, (a) that the above charge shifts the burden of proof to the defendant and requires him to prove beyond a reasonable doubt that adequate cause existed, and (b) that the charge should not only inform the jury that an assault and battery by the deceased causing pain and bloodshed is adequate cause, but should apply the law to the facts and instruct them that such was adequate cause. We think the last objection was fully met by the language above quoted, which specifically instructed that an assault and battery causing pain and bloodshed, was adequate cause and pointedly referred to same in the submission of the issue, as above set out. Lee v. State, 67 Tex. Crim. Rep. 137.

The question raised under the other exception is not entirely free from difficulty and has been the occasion of frequent discussion. Presiding Judge Morrow, in the case of Moore v. State, 88 Tex. Crim. Rep. 624, discussed this question rather exhaustively, and we are not able to add anything to the splendid reasoning of that opinion. See also Pitts v. State, 29 Tex. Crim. Rep. 364.

The trouble arises out of the fact that while the defendant was indicted and tried for murder, he was also placed on trial for manslaughter, a lesser grade of this offense, with the additional issue of self-defense to be decided. To illustrate: If A is indicted for murder and he tenders the issue of manslaughter only as a defense, depending upon proof of mitigating circumstances alone to reduce the grade of the homicide, it is perhaps correct to say that he is entitled to the benefit of a reasonable doubt in the submission of the existence of these mitigating circumstances to the jury. But, suppose A is indicted for manslaughter, which he might have been under the old law, and upon the trial, the issue only of self-defense is made. The crime of manslaughter in such case ought to be proven beyond a reasonable doubt, as against the issue of self-defense. To authorize a conviction, as in the first illustration, without such proof, would, it seems, be erroneous. Suppose now, both of the above cases were consolidated and tried together. You will then have the instant case, where the anomalous legal situation exists, of two contradictory theories of defense relied upon, a correct charge upon either of which intrenches upon and abridges the other. The charge should be considered as a whole and it will be noted that defendant is given the benefit of the reasonable doubt as between the two grades of crime.

As between the crime of manslaughter and the issue of self-defense, which the trial court undoubtedly had in mind, we think the above charge is correct. Especially in the absence of a correct requested special charge or a pointed exception from the defendant indicating precisely the additional charge desired.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have re-examined the record in the light of the appellant's motion for rehearing, but deeming the proper disposition of the appeal having been made on the original hearing, we are constrained to overrule the motion.

*Overruled.*