## W. E. STROUD V. THE STATE.

No. 18021.   Delivered March 11, 1936.

The opinion states the case.

*Edgar L. Robertson,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of murder and his punishment was assessed at confinement in the state penitentiary for life.

The record shows that appellant and the deceased were husband and wife, but had been separated for a period of about four years at the time the fatal injuries were inflicted upon her. On the day of the unfortunate affair appellant went to see her for the purpose of effecting a reconciliation and re-uniting of the family ties. While at her home on this mission he stabbed her with an ice-pick inflicting several wounds upon her; one of which was in her abdomen, which produced peritonitis resulting in death four weeks later. The nature and extent of the wounds are not otherwise described than such as might have been made with an ice-pick; neither is the ice-pick described other than as an ice-pick. The record is also silent as to what lead up to or brought about the difficulty as no one seems to have been present when the trouble began. Appellant did not testify. His main contention is that the court erred in overruling his objections to the charge of the court based upon the ground that the court failed to heed the mandatory provision of Art. 1257b, P. C., in charging the

jury and thereby limited his legal rights. An inspection of the court's charge leads us to the conclusion that there is merit in his contention. The court after defining murder and malice aforethought in his charge instructed the jury as follows: "Now bearing in mind the foregoing instructions, you are charged that if you find and believe from the evidence beyond a reasonable doubt that the defendant, W. E. Stroud, did in Childress County, Texas, on or about the 16th day of April, A. D. 1935, unlawfully and voluntarily and with malice aforethought kill Mrs. W. E. Stroud by stabbing her with an ice-pick, as alleged in the first count of the indictment you will find the defendant guilty, and assess his punishment at death, or for life in the penitentiary, or confinement in the penitentiary for any term of years not less than two; but if you find from a preponderance of the evidence that at the time of the commission of the alleged offense, the defendant did not have sufficient mind and discretion to distinguish the right and the wrong of the act being committeed, you will acquit him."

It is obvious that the court in his charge failed to advise the jury, as required by Art. 1257b, P. C., "That unless from all the facts and circumstances in evidence the jury believes that the defendant was prompted and acted with his malice aforethought they cannot assess his punishment at a period longer than five years." Assuming that the jury failed to find from the evidence beyond a reasonable doubt that the defendant with his malice aforethought killed the deceased, then what were they to do? What guide did the court give them? None; they were like the ship in the open sea without chart or compass. Art. 1257b, P. C., provides for such a contingency by directing the court that he shall tell them what to do under such circumstances. The issue of whether appellant was prompted and acted with his malice aforethought was submitted by the court to the jury and they were told what to do in case they so found, but were not told what to do in case they did not so find. This was a right accorded to appellant by said article of the statute, and the failure on the part of the court to comply with said statute was a limitation of his legal right.

We believe that if upon another trial the evidence should be the same as to the nature and extent of the wounds, the ice-pick, and the facts and circumstances immediately preceding the difficulty that it would be advisable to instruct the jury upon the law of aggravated assault. See Davis v. State, 110 Texas Crim. Rep., 605.

Appellant objected to the court's charge because he failed to instruct the jury on the proximate cause of the death of deceased. In order that a court may be required to submit an issue to the jury it must necessarily rest upon some tangible testimony; something more than speculative possibilities. In this case the evidence shows that the wound inflicted by appellant upon the deceased was the proximate cause of her death, according to the testimony of her attending physician. It is true that she had not been in good health for about a year, but the undisputed testimony showed that she died from peritonitis resulting from said injury. There was no testimony that peritonitis was caused by the act of any other agency. See Hill v. State, 108 Texas Crim. Rep., 489, and authorities there cited.

It is therefore ordered that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.