## THOMAS STROGGINS V. THE STATE.

No. 2286. Decided April 30, 1902.

**1.—Forgery—Verdict.**

On a trial for uttering a forged instrument, a verdict is sufficient which reads, "We the jury find the defendant guilty of attempting to pass a false and forged instrument in writing, and assess his punishment at five years in the penitentiary."

**2.—Verdict.**

Verdicts are to be considered in the light of the charge and the indictment, and are sufficient when responsive thereto.

**3.—Same.**

A verdict is neither bad or insufficient which omits the word "State" before the word "penitentiary."

Appeal from the District Court of Bexar. Tried below before Hon. John H. Clark.

Appeal from a conviction of uttering a forged instrument; penalty, five years imprisonment in the penitentiary.

No statement of facts in the record.

No brief for appellant with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was indicted for forgery, and the uttering of a forged instrument, was convicted and given five years in the penitentiary.

There is neither bill of exception nor statement of facts in the record.

Appellant in his motion for new trial complains that the verdict is

contrary to the evidence. This can not be considered in the absence of the facts.

He also complains of the verdict, because it fails to find that defendant knowingly, willfully, and fraudulently attempted to pass, etc. The verdict of the jury is as follows: "We the jury find the defendant guilty of attempting to pass a false and forged instrument in writing, and assess his punishment at five years in the penitentiary. (Signed) Joe Menny, foreman." We think the verdict is sufficient. Nettles v. State, 5 Texas Crim. App., 386; Purcelly v. State, 29 Texas Crim. App, 1. Verdicts are to be considered in the light of the charge and indictment, and when so considered it is clear and obvious that the verdict in this case is responsive to both. Robertson v. State, 33 Texas Crim. Rep., 83. Appellant also objects to the verdict because it does not state that appellant shall be confined in the "State" penitentiary. There is no merit in this contention. A similar verdict was specifically upheld in Patterson v. State, 56 Southwestern Reporter, 59; and see Barnes v. State, 32 Southwestern Reporter, 896.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*