## BILL DAVIS v. THE STATE.

No. 11556.   Delivered June 6, 1928.
Rehearing denied October 24, 1928.

606

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being 15 years in the penitentiary.

It is not necessary to set out the facts in detail. From the state's evidence the killing was not in self-defense. On the other hand, appellant's evidence raised that issue.

Appellant sought a continuance on account of the absence of Miss Eufa Bunch. He names his application as the "first" for continuance. From the court's explanation it appears to be a second application. Appellant had been tried on the 29th day of September, at which time a first application for continuance had been overruled. The record does not show whether the continuance then was sought for this same witness. In that trial the jury failed to reach a verdict. A second trial was had at the same term of court on the 17th day of October, at which time the application for continuance now under consideration was presented. Art. 544 C. C. P., requires that a subsequent application for continuance by defendant must state

that the absent testimony *"can not be procured from any other source known to the defendant."* A second application must conform strictly to the statute, nothing being presumed in its favor. Henderson v. State, 5 Tex. Cr. App. 134; Barrett v. State, 9 Tex. Cr. App. 33; Goode v. State, 57 Tex. Cr. R. 232, 123 S. W. 602; Brannan v. State, 1 S. W. (2d) 279. (Many other authorities on the requisites of a second application for continuance are collated in the notes under Art. 544, 1 Vernon's Ann. Tex. C. C. P., page 466, and under Sec. 310, Branch's Ann. Tex. P. C.)· In lieu of the requisite quoted from Art. 544 C. C. P., it is stated in the present application "that there is not a witness in attendance upon this court that the above stated facts (those expected to be obtained from the absent witness) can be established by." The language employed in the statute and that contained in appellant's application are far from expressing the same thing. It might be true that no witness was in attendance upon the court by whom the facts claimed to be known to the absent witness could be proven and yet there might be known to accused other available witnesses from whom the same testimony could be procured. The learned trial judge says in his qualification to the bill presenting complaint at his action in denying the continuance that the application failed to present facts from which a conclusion might be drawn that the absent witness would be located so that process of the court could be served. We are inclined to agree that the view of the court so expressed is sustained by the record, but do not discuss it, the application being insufficient because of the defect already pointed out.

This prosecution arose after the present statute defining murder became effective. (See Acts, Regular Session 40th Legislature, Chapter 274, Acts Special Session 40th Legislature, Chapter 8.)

The court instructed the jury as follows:

"(1). The Revised Penal Code of the State of Texas provides in substance and effect that whoever shall voluntarily kill any person within this state shall be guilty of murder.

"(2). Murder is distinguishable from every other species of homicide by the absence of circumstances which reduce the offense to negligent homicide or which excuse or justify the killing.

"(3). Malice is the intentional doing of a wrongful act toward another without legal justification or excuse, and it is a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken.

"(4). Murder, as above defined, may be committed either with, or without, malice aforethought. When murder is committed with malice aforethought the punishment for such murder shall be death, or confinement in the penitentiary for life, or confinement in the penitentiary for any term of not less than two years. When murder is committed, but not upon malice aforethought, the punishment for such murder is confinement in the penitentiary for not less than two years nor more than five years.

"(5). And in any murder case the punishment cannot be greater than confinement in the penitentiary for a period of five years, unless from all the facts and circumstances in evidence in the case, the jury believes beyond a reasonable doubt that the defendant is guilty of murder as herein defined, and that defendant, in killing deceased, was prompted by and acted with his malice aforethought."

It is not necessary to set out paragraph six in detail. In substance it instructed the jury that if they found from the evidence beyond a reasonble doubt that appellant voluntarily killed deceased by striking him with an iron bar and was prompted thereto by malice aforethought and was not acting in his own self-defense, they should find appellant guilty of murder and assess his punishment at death or confinement in the penitentiary for life, or for any term of not less than two years; that if they found from the evidence beyond a reasonable doubt that appellant killed deceased by striking him with an iron bar, not in his own self-defense, and further the jury did not believe beyond a reasonable doubt, from all the facts and circumstances in evidence that appellant was prompted by and acted from malice aforethought they would find him guilty of murder and assess his punishment at confinement in the penitentiary for not less than two nor more than five years.

"(7). And in the event you find defendant guilty of murder (if you do) in no event can the jury assess his penalty therefor at a greater penalty than confinement in the penitentiary for five years unless the jury believes beyond a reasonable doubt, from all the facts and circumstances in the case in evidence before you, that defendant, in killing the said Terry, was prompted by and acted with malice aforethought, as malice is defined to you in this charge in the third paragraph thereof."

In paragraph eight the jury was substantially told that if they found appellant guilty of murder but had a reasonable doubt as to whether the killing was committed upon malice then they must give the benefit of such doubt to appellant and in such event they could

not assess a greater penalty than confinement in the penitentiary for a period of five years.

Appellant's written objections to the charge were because it permitted appellant to be convicted of "murder" although the killing might not be upon malice. Special objection was directed to paragraph "four" because it informed the jury that "murder" as now defined in the charge and in the statute might be committed either "with or without malice" and if committed without malice the punishment should not be more than five years. We perceive no error in the charge in the particulars complained of. In view of our former statute relating to murder and manslaughter and the decisions thereunder it is difficult to adjust oneself to the new definition of murder, which is a killing "voluntarily done." The result of the changed definition of and punishment for murder was to clothe the jury with large discretion and tremendous responsibility to say that one who "voluntarily" killed another should be punished by death or imprisonment in the penitentiary for as low a term as two years. Under the present law the only restriction placed upon the jury in fixing the punishment arises upon a finding by them that malice was absent when the voluntary killing occurred, or when from the whole case there exists in their minds a reasonable doubt as to whether the killing was upon malice, in which event the punishment must be fixed at not more than five years. The charge in the present case conveyed to the jury our understanding of the present murder statute.

A further exception to the charge was that it does not legally define the offense of murder and is contrary to and in violation of the constitution of the state. While the act of the legislature in question is a radical departure from the law as it has heretofore existed, we are unaware of any provision in the constitution which restricted the legislature in its action. The wisdom of the matter must be determined by a fair and practical test of the law as at present written. We are further of the opinion that his attack upon the law as being indefinite, vague, uncertain, ambiguous and unintelligible, can not be sustained. Crutchfield v. State, (No. 11418, this day decided).

Appellant's complaint of the refusal of a number of special charges is brought forward in bills of exception numbers two, three, four, five, six and seven. The court defined aggravated assault, and instructed the jury that if appellant killed deceased by striking him with an iron bar not acting in his own self-defense but without

any intent to kill at the time, and inflicted a serious bodily injury upon deceased that they would find appellant guilty of an aggravated· assault. Then followed a charge upon self-defense in which the jury were told that if from the conduct or acts or words of deceased viewed from defendant's standpoint in the light of all the facts and circumstances within his knowledge it appeared that deceased was attacking or about to attack appellant with a knife and he struck deceased with the iron bar and killed him that appellant would be justified under the law of self-defense. Then followed a charge on self-defense based upon threats which appellant heard uttered prior to the killing or of which he had been informed. At appellant's request the court also gave a special charge upon self-defense in which the law was applied more specifically under the facts. All of the refused special charges related to subjects which the court had covered in the main charge wherein the rights of appellant seem to have been protected from every angle. Therefore the refusal of the special charges complained of present no error.

We have been at some loss to appraise bill of exception number ten. The matters therein adverted to do not appear to have been called to the court's attention until presented in the motion for new trial. The complaint seems to be that the verdict returned simply found appellant guilty "as charged in the indictment," assessing his punishment at fifteen years in the penitentiary. It appears to be appellant's idea that the jury should have been required to find and state in the verdict whether or not they found appellant to have been actuated by malice at the time of the killing. We do not understand it to be necessary under the law as now written for the jury to specify in their verdict whether appellant is found guilty of murder with or without malice. The jury was specifically told by the court in the present case if they entertained a reasonable doubt as to whether appellant was actuated by malice they could in no event fix his punishment at confinement in the penitentiary for a longer term than five years. It must be presumed that the jury did not overlook this positive instruction of the court. By fixing the punishment at confinement in the penitentiary for a term of fifteen years it would necessarily follow that the jury believed appellant was actuated by malice.

By bill of exception number eleven appellant undertakes to bring forward questions which can not be considered. Copied in said bill is the motion for new trial from paragraphs fourteen to twenty-one inclusive, in which complaint was made of various things alleged to

have occurred during the trial, but as to which no objections are verified by bills of exception. Complaints set up in motion for new trial cannot take the place of proper bills of exception. See Ward v. State, 159 S. W. 273 for collation of many authorities; also Cann v. State, (No. 11256 opinion May 30th, 1928.) The motion also contained complaints with reference to alleged omissions from and alleged errors in, the charge set up for the first time in the motion for new trial. Objections thus urged to the charge cannot be considered. They must be made when the charge is presented for inspection. Art. 658, C. C. P. (For collation of authorities see Note 89, under Art. 658, Vernon's C. C. P., vol. 2.)

We advert to one matter, not for the purpose of discussing it, but to call attention to the fact that Chapter 274, Acts of the 40th Legislature repealed a part of the statute which appellant attempted to invoke in his motion for new trial. He claimed that the court should have instructed the jury that the instrument or means by which a homicide was committed should be taken into consideration in determining the intent of the defendant. The principle stated is found in Art. 1261 of the P. C. of the revision of 1925, and is a part of Chapter 18, of Title 15. This entire Chapter was specifically repealed by Chapter 274, of the Regular Session of the 40th Legislature, page 412, and the provisions of said Chapter 18 of Title 15 are no longer in effect.

Finding no error upon which a reversal may properly be predicated, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—After an examination of the record in the light of the motion for rehearing, we are of the opinion that the proper disposition has heretofore been made of the appeal. A further discussion of the matter would be but a repetition of that which is to be found in the original opinion.

The motion is overruled.

*Overruled.*