Marcella Wright v. The State.

No. 12710.    Delivered November 6, 1929.

The opinion states the case.

*H. S. Beard* of Waco, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being three years in the penitentiary.

The parties involved are negroes.  In an encounter with Pinkie Tolliver appellant stabbed Pinkie with a knife; she was taken to a sanitarium where physicians determined that internal injury had been inflicted and that an operation was necessary.  The operation disclosed that both the front and back walls of the stomach had been penetrated.  The wounds were sewed up and Pinkie died something like an hour later, never having come from under the effect of the anesthetic.

The only complaint brought forward is directed at the charge for omitting an instruction under Art. 1202 P. C. which reads:

"The destruction of life must be complete by such act, agency, procurement or omission, but although the injury which caused death might not under other circumstances have proved fatal, yet if such injury be the cause of death, without its appearing that there has been any gross neglect or manifestly improper treatment of the person injured, it is homicide."

The bill bringing the matter forward is qualified by the learned trial judge by reciting the doctor's testimony as follows:

". . . All was done for her that possibly could have been done to save her life out at the sanitarium, both as to the equipment of the hospital, the medical service and the nurse service which she received. She died something like an hour and fifteen minutes after I saw her . . ."

The court further says he was of opinion that no issue of improper treatment was raised by the evidence. This view of the trial judge appears to be supported by the evidence in the record. There is nothing to indicate that the operation was not the proper treatment under the circumstances, nor that it was performed in an improper manner; there is not the slightest suggestion of "gross neglect" on the part of anyone.

A further objection to the charge—if we correctly appraise it—was that the jury should have been required to state in the verdict whether appellant was found guilty of murder "upon malice" or "without malice." The jury was properly instructed what punishment might be assessed under either finding. There is no merit in the objection. Davis v. State, 10 S. W. (2d) 116.

The judgment is affirmed.

*Affirmed.*