Costoma Williams v. The State.

No. 13392.   Delivered October 29, 1930
Rehearing Denied February 4, 1931.

460

The opinion states the case.

*W. H. Forrester* and *W. V. Dunnam,* both of Waco, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, twenty-five years in the penitentiary.

Appellant and his wife, negroes, on other occasions than that of this homicide had had trouble and he had cut her seriously with a razor. On the night in question both had been invited to a whist party, but for some reason appellant did not go. Some time in the night, in his work clothes, he went to where the party was and called his wife out, and almost his first words were to demand of her why she had made to him a vulgar statement. The killing occurred in a few moments. State witnesses in near by houses heard talking out in the street in front of the house where the party was, and saw two people scuffling and tussling around. A witness said that one of the two people was pulling one way and the other a different way; that one of them had hold of the hands of the other. The woman was heard to say that she was not going a damn step, and then to "holler" to appellant that he had better put that gun up. One shot had already been fired. This witness said deceased then called "Mamma, oh mamma." The mother of the deceased lived in the middle of the block. The witness who detailed the above facts said that at this juncture another shot was fired and deceased fell on her face. She was shot in the left breast, and one witness said she was shot through the heart. Two men then came to where she lay. No weapon of any kind was found near her body, but a handkerchief and powder puff lay near her. Appellant swore to a number of difficulties between himself and his wife, in which she was the aggressor, and said that when he went to the place of the party and called her out and asked her "How come you to tell me to kiss your — about those books," that she began to curse and abuse and vilify him, and finally stooped as though to get something out of her stocking and came toward him. He said he saw her hands up, though he could not see what, if anything, she had in them, and that when she got close he fired. He said she did not then stop but kept coming and he backed away and fired again, at which time she fell. He then ran away, going out to his grandfather's in the country. He testified that he thought she was going to kill him. This sufficiently states the facts.

We discuss the legal questions presented in the order same appear in appellant's brief. The testimony shows that two shots were fired by appellant. It is urged that the charge of the court was hurtfully defective in not telling the jury that if appellant was justified in firing either shot, and the jury could not tell which shot killed, they should return a verdict of not guilty. Appellant cites Branch's Ann. P. C., Sec. 1968, and the cases there mentioned. We are not able to agree with appellant's contention. No effort was made in the charge to differentiate between appellant's rights as affected by the fact that two shots were fired. The court told the jury that if they found from the evidence that

deceased made an attack upon appellant, real or apparent; or if appellant believed she was making an attack which from its manner, character and surrounding circumstances, and viewed from the appellant's standpoint, caused him to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such expectation or fear he shot and killed her, he should be acquitted; also that he had the right to shoot as long as he believed, viewing the matter from his standpoint, that he was in danger of death or serious bodily injury at the hands of deceased. This fully protected appellant's rights regardless of whether he shot once or more than once. Appellant swore that deceased was advancing upon him when he fired both shots. Under the State's theory he was holding the deceased and trying to pull her down the street, or else she had just gotten loose from him when the fatal shot was fired. The point contended for by appellant is discussed and decided against him in Hardin v. State, 104 Texas Crim. Rep., 178, 283 S. W., 517, which is approved in Carlile v. State, 112 Texas Crim. Rep., 554, 18 S. W. (2d) 163.

It is insisted that the charge of the court did not tell the jury with clearness that they did not have to convict appellant of murder with malice. The charge, in paragraph ten, told the jury to find appellant guilty of murder, and fix his punishment at death or confinement in the penitentiary for some period of time not less than two years if they believed beyond a reasonable doubt that he shot and killed deceased as alleged, and they found that such shooting was unlawful, voluntary and with malice aforethought. We think this sufficient. In paragraph twelve the court plainly told the jury that unless they believed from the evidence beyond a reasonable doubt that in killing deceased appellant was prompted and acted with malice aforethought, they could not fix his punishment, in the event of conviction, at a longer time than five years. We are at a loss to know how this issue could have been better presented.

Appellant objected at length to the court's definition of malice and malice aforethought in various bills of exception. We find nothing in Collins v. State, 108 Texas Crim. Rep., 72, 299 S. W., 403, cited by appellant in his brief, which supports his contention. In Davis v. State, 110 Texas Crim. Rep., 605, 10 S. W. (2d) 116, we discussed the principles contained in a number of appellant's bills and decided them against him. The Davis case, supra, is approved in Harris v. State, 111 Texas Crim. Rep., 133, 12 S. W. (2d) 211, and also in Pruitt v. State, 114 Texas Crim. Rep., 281, 25 S. W. (2d) 873.

Appellant has a number of bills of exception in which he recites the testimony at length, and all of these have been examined and are deemed by us to present nothing which would injuriously affect the appellant's rights, or a discussion of which in this opinion could serve any useful purpose.

The judgment will be affirmed.

*Affirmed.*

Hawkins, J., absent.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is urged by appellant in his motion for rehearing that the court's definition of murder was incomplete. The definition follows the exact language of the present statute. Art. 1256, amended by the 40th Leg. (1927), page 412, Ch. 274. Section 1 (Vernon's Ann. P. C., Art. 1256). It was not necessary for the court in such definition to explain when a killing would be excused or justified. He pertinently told the jury if the killing was in self-defense defendant could not be convicted. In other words, a killing occurring under such circumstances would be justifiable.

We can add little to what was said in our original opinion regarding the criticism of the charge defining malice aforethought. The charge in the present case is not distinguishable from that in Pruitt v. State, 114 Texas Crim. Rep., 281, 25 S. W. (2d) 870, which was expressly approved and many authorities cited to support the holding. On motion for rehearing in that case the same contention was advanced as is here made, viz: that the charge was confusing to the jury. Our holding on rehearing was against appellant's contention.

It is insisted that the court should have told the jury that the minimum punishment for murder with malice aforethought was five years. If the court had so instructed the jury it would have been in the face of the present statute. Article 1257 P. C. (amended 1927, 40th Leg., Ch. 274, page 412, section 1, Vernon's Ann. P. C., Art. 1257) fixes the punishment for murder at "death or confinement in the penitentiary for life, or for any term of years not less than two." No limitation is placed on the jury in fixing the minimum penalty of two years even though the killing be actuated by malice aforethought. The only limitation is in fixing the maximum penalty of five years in the absence of malice aforethought. See section 3a, c. 274, Acts 40th Leg. (1927) as amended by Acts 40th Leg. (1927) 1st Called Sess. c. 8, section 1 (Vernon's Ann. P. C., Art. 1257b). In Davis v. State, 110 Texas Crim. Rep., 605, 10 S. W. (2d) 116, we said: "The result of the changed definition of and punishment for murder was to clothe the jury with large discretion and tremendous responsibility to say that one who 'voluntarily' killed another should be punished by death or imprisonment in the penitentiary for as low a term as two years. Under the present law the only restriction placed upon the jury in fixing the punishment arises upon a finding by them that malice was absent when the voluntary killing occurred, or when from the whole case there exists in their minds

a reasonable doubt as to whether the killing was upon malice, in which event the punishment must be fixed at not more than five years."

Appellant renews his criticism of the charge on self-defense. We have again examined it and fail to discover where under the facts it falls short of amply protecting appellant in all his legal rights.

There was no necessity for the court to instruct the jury that the fact of appellant having a pistol did not abridge his right of self-defense against an attack made on him by his wife. Appellant's right of self-defense was in no way restricted by the court's instructions. It is the settled law in this state that under such circumstances no such charge as is insisted on here is called for. Many cases are collated in Briscoe v. State, 90 Texas Crim. Rep., 650, 236 S. W., 991. See also Branch's Ann. Tex. P. C., page 1091, Sec. 1950.

Appellant insists that the verdict of the jury should have specified whether he was found guilty of murder with or without malice, it being further contended that without such a finding the verdict is too indefinite to support a judgment. Davis v. State, 110 Texas Crim. Rep., 605, 10 S. W. (2d) 116, is direct authority against the contention. See also Wright v. State, 113 Texas Crim. Rep., 297, 21 S. W. (2d) 507.

Believing proper disposition was made of the case in our original opinion the motion for rehearing is overruled.

*Overruled.*