BEN C. JONES v. THE STATE.

No. 14883. Delivered April 6, 1932.

The opinion states the case.

*Thos. C. Ferguson,* of Burnet, and *W. A. Johnson,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, assault to murder; the punishment, one year in the penitentiary.

The evidence in brief was substantially as follows: Sometime previous to the alleged assault, the appellant had traded with one Edward Furley a truck for a coupe. A controversy had arisen between them as to whether or not the said Furley had agreed that a trailer should go with the coupe in the trade. On the day of the alleged assault, the appellant and the said Furley met and an altercation occurred between them in regard to said trade. The state contended that the appellant without any just cause drew his pocket knife and cut the said Furley in the throat. The appellant defended on the ground of self-defense against an actual attack, as well as alleged threats claimed to have been made by the said Edward Furley.

The issues submitted by the court to the jury were assault with intent to murder with malice aforethought, assault without malice aforethought, and aggravated assault.

Exception in writing was reserved by the appellant to that part of the court's charge contained in paragraph 6 of said charge on the presumption arising from the use of a deadly weapon. Said paragraph 6 is as follows: "A deadly weapon is one which, from the manner used, is calculated to produce death or serious bodily injury. If the knife used by the defendant in making the assault upon Edward Furley was not one likely to produce death, it is not to be presumed that death was designed unless, from the manner in which it was used, such intention evidently appears. You are therefore instructed that unless you find that in the manner used, the knife was a deadly weapon, or if you have a reasonable doubt thereof, you will find the defendant not guilty of assault with intent to murder, but will only consider whether or not the defendant is guilty of aggravated assault."

Among other exceptions, appellant excepted to said charge on the ground that it was a charge upon the weight of the evidence. This exception was well taken and should have been sustained.

A similar question arose in the case of Stroud v. State, 120 Texas Crim. Rep., 466, 46 S. W. (2d) 689, and Presiding Judge Morrow, speaking for the court on motion for rehearing, used the following language:

"Formerly the statute authorized, and in a proper case required, that the jury be given an instruction in substance in accord with a statute reading as follows: 'If the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears.' Article 1261, P. C., 1925.

"In the charge in question, the learned trial judge had in mind that section of the statute. However, the article mentioned was expressly repealed by the Acts of the 40th Legislature, Regular Session, chapter 274 (sec. 3), in which it was said: 'Chapter 18 of Title 15 of the Penal Code of 1925 is hereby repealed'. See Davis v. State, 110 Texas Crim. Rep., 605, 10 S. W. (2d) 116.

"The statute authorizing a charge on the presumption mentioned having been withdrawn by the repeal of the statute, the instruction offends against the rule forbidding a charge upon the weight of the evidence, and is calculated to turn the presumption against him on the vital issue of intent to kill."

There are also exceptions brought forward to paragraph 15 of the court's charge. Without holding that said paragraph of said charge was accurate in all respects, we fail to perceive that it contains reversible error upon the grounds interposed thereto.

Two other bills of exception appear in the record complaining of the refusal of the trial court to grant appellant's motions for a continuance. As they are not likely to occur on another trial, we deem it unnecessary to discuss them.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.