## T. O. ALLEN v. THE STATE.

No. 15394.   Delivered November 16, 1932.
Reported in 54 S. W. (2d) 519.

The opinion states the case.

*Williford & Williford.* of Fairfield, and *A. B. Geppert,* of Teague, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

**160**

HAWKINS, JUDGE.—Appellant was convicted of assault, without malice, with intent to murder John Windsor; punishment being assessed at one year in the penitentiary. Article 1160, P. C., as amended by the Acts 42d Leg. (1931), p. 95, ch. 61.

Appellant and Windsor were neighbors lving on adjoining farms. Until the happening of the incident hereafter related, no animosity or ill-feeling between them is shown to have existed. Some time before the assault, Windsor claimed to have discovered a "bee tree" and claimed that he placed a mark thereon designating it as his, or as having been found by him. On the day before the difficulty, he went to the tree and found the honey had been taken. Appellant's two boys were nearby. The state's contention was that Windsor said, "Some s— of a b— robbed my bee tree," that one of appellant's sons asked Windsor if he was calling him a "s— of a b—," and that Windsor replied, "No, I did not call you a s— of a b—." In regard to that incident, one of appellant's sons testified that he had found and marked the bee tree; that, when they met Windsor near the tree, he accused them of having robbed it, and called them the name mentioned. The next morning, while appellant was eating breakfast, one of the boys told him that Windsor had called them such vile name. Without finishing his breakfast, appellant immediately got up from the table, secured a single barrel shotgun, and went to Windsor's home, finding him in the lot. Windsor's version of what happened is, in substance, that appellant came up to him and said, "John, you just called the wrong one a s— of a b—," to which Windsor replied that he was mistaken; thereupon appellant said, "I am going to kill you right here," and raised the gun to a shooting position, at which time Windsor had an armful of wood; that he threw this in the direction of his stomach where the gun was pointed, and the shot fired by appellant struck the wood and tore away part of Windsor's wrist. Testifying in his own behalf, appellant's version of the matter was that, immediately after having been informed by his son of what Windsor had said the day before, appellant went to Windsor for the purpose of seeking an explanation and apology; he carried his gun along to protect himself in the event it became necessary; that, when he accosted Windsor, appellant made known to him the fact that his boy had told him what Windsor had called him the day before and that he wanted Windsor to apologize for it; that immediately Windsor replied, "We will settle this now," and at the same time made a demonstration with his right hand

towards his hip; that he thought Windsor was going to get a pistol; and that he immediately fired in self-defense. He denied that he went to Windsor's home with any intention of killing him.

Bills of exception 1 and 2 complain of the refusal of the court to amend his charge because the court had omitted to tell the jury that, if appellant had been informed that Windsor had cursed or abused his boys, that appellant had a right to go to Windsor and demand an explanation of such conduct, and that, if appellant armed himself before going to demand such explanation, his rights were in no manner abridged by such fact. The instructions of the court contained no charge upon provoking the difficulty nor any other instruction which in any way abridged appellant's right of self-defense. It awarded him the full right of self-defense without any limitation whatever. Under such circumstances it has been consistently held such a charge as was indicated in appellant's objection was not necessary, or at least that the omission of such instruction would not call for a reversal. Many cases are collated in Branch's Ann. Tex. P. C., sec. 1950. Among the later cases upon the same subject are Briscoe v. State, 90 Texas Crim. Rep., 650, 236 S. W., 991, in which many other cases are cited. See, also, Williams v. State, 117 Texas Crim. Rep., 459, 34 S. W. (2d) 886. Appellant recognizes the general rule to be as herein stated, but seems to think the facts of the present case present an exception thereto. We are unable to distinguish this case from many others in the regard mentioned.

Bills of exception 3, 4 and 5 are based on written objections to the court's instructions to the jury. One objection was directed to paragraph 16 of the charge as having limited appellant's right to defend against an actual attack. We gather from bill of exception No. 3, which relates to this matter, that, if said paragraph as originally written, was subject to such criticism, it was corrected, for, as found in the record, it authorized an acquittal if the jury believed that appellant committed the assault as a means of defense against an unlawful attack, real, apparent, *or threatened,* viewed from his standpoint. It is further urged that the court should have incorporated in paragraph 16 the question of reasonable doubt on the issue of self-defense. It is doubtful if the objection upon which appellant relies was explicit enough to direct the trial court's attention to this point. The objection stressed the point that said paragraph limited the defense to an actual attack. We observe that in paragraph 15 of the charge the court told

the jury in general terms that one had a right of self-defense against any unlawful attack, though the attack did not amount to an effort to inflict death or serious bodily injury. Paragraph 16 seems to have been an application of this general statement of law. In paragraph 17, the court goes into a more detailed explanation of the law of self-defense, and in making application thereof in paragraph 18 told the jury, if they believed Windsor "made, or was about to make" an attack or assault on appellant which from his standpoint caused appellant to have a reasonable apprehension of death or serious bodily injury, and he made the assault on Windsor under such circumstances, or if they had a reasonable doubt regarding such matter, they would find appellant not guilty. In paragraph 22 in connection with the instruction upon the presumption of innocence, the court again told the jury if they had a reasonable doubt as to appellant's guilt they should acquit him. Regarding the charge in its entirety, we think the jury could not have been misled by the omission of that subject from paragraph 16.

As a part of paragraph 17 of the charge, the court told the jury "every person is permitted by law to defend against an unlawful attack, whether real or apparent, threatening injury to his person, and is justified in using all force necessary in defending himself, but no more force than is necessary, as viewed from his standpoint at the time he acts." Appellant objected to that portion of paragraph 17 above quoted, urging that under the facts of the present case the court committed error in telling the jury that, in defending against an attack, or threatened attack, one could use no more force than was necessary. In making application of the law to the facts in paragraph 18, nothing was said about the use of excessive force, but the jury were pertinently told, if appellant believed that Windsor was making, or was about to make, an attack on appellant, which from his standpoint at the time caused him to have a reasonable apprehension or fear of bodily injury or death at the hands of Windsor, and that appellant shot Windsor under such circumstances, they should acquit him, or, if they had a reasonable doubt thereof, they should acquit him. In the succeeding paragraph, the jury was instructed that they should place themselves in appellant's position and view the facts and circumstances and the acts and words of Windsor, if any, from appellant's standpoint at the time he acted. While the court might with propriety have omitted from paragraph 17 the term "but no more force than was necessary," yet, considering the charge as a whole, we have been unable to reach the conclusion

that the jury could have in any way been misled or affected in the light of other portions of the instructions. Article 666, C. C. P., forbids a reversal of a judgment for an error in the charge unless it was calculated to injure the rights of defendant. Making application of said article in the present case, we think the matters urged by appellant as errors in the charge, if such, were not calculated to injure the rights of accused.

The judgment is affirmed.

*Affirmed.*