## MON HOUSDEN V. THE STATE.

No. 18511.     Delivered November 4, 1936.

The opinion states the case.

*A. Q. Mustain,* of Aubrey, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

We find no brief on file for the appellant. The facts, from the standpoint of the appellant, show that appellant went with his son and others for the purpose of apprehending persons whom he had been told were acting in a suspicious manner so as to lead appellant's informant to think they intended to

commit robbery or some other offense, and that he with his posse came upon a car in the nightime which appellant approached, with a pistol in his hand, and ordered the parties in the car to "stick 'em up," and upon his belief that he saw one of the parties make a threatening effort to draw a weapon appellant fired his pistol, killing one of the young men in the car.

From the State's standpoint there were three young men in said car, who had been visiting around among friends and neighbors, and had no intention of committing a felony or doing anything else that was wrong. Two of them testified that on the occasion in question in the nightime they saw a car coming toward their car, and a man get out of same and rush up to their car, present a pistol and order them to "stick 'em up," and immediately fire the pistol, which struck one of the young men in the face, inflicting a mortal wound from which he died. We see no reason for going into greater detail in stating the facts. The learned trial judge gave an exceptionally comprehensive charge to which no exception was taken. The statement of facts reveals about what we have above set out.

We find in the record five bills of exceptions. Bill No. 1 complains at the action of the trial court in permitting Mrs. Roy Smith to testify for the State after the rule had been invoked by the prosecuting attorney. The bill shows that when the objection was made the court excused the jury, and heard the testimony of Mrs. Smith to the effect that she did not know she was going to be a witness, and the testimony of the prosecuting attorney to the effect that he did not know until noon of that day that she knew anything or that he would use her as a witness in the case. We do not think the bill reflects any abuse of the discretion confided in the trial court, nor do we see anything in the testimony of the witness, as same appears in the statement of facts, which could be of any material injury to the accused.

Bill of exceptions No. 2 complains that in the opening argument of the assistant State's attorney of Denton County, he said: "The defendant shot and killed the deceased and then went away and left him to wallow in the sand like a hog." It would need no citation of authorities to support our statement that this is not such a prejudicial argument as that we can say it injured the cause of appellant. Nothing in it appears inflammatory.

Bill of exceptions No. 3 complains of the argument of the

county attorney of Denton County in closing the case. The court had instructed the jury that if the officer had satisactory proof, from a credible source, that a felony has been committed, and the offender was about to escape, and there was no time to procure a warrant, such peace officer might, without a warrant, pursue and arrest the offender. The argument of the prosecuting attorney complained of is as follows:

"It is your duty to determine whether or not the officer had satisfactory proof that a felony had been committed before he would be justified in arresting without a warrant."

No special charge appears to have been requested by appellant setting out what he deemed a correct legal proposition applicable to the statement of the prosecuting attorney. Said statement was evidently based upon paragraph nineteen of the court's charge in which he told the jury that if they believed from the evidence in this case that the defendant, Mon Housden, at the time of the killing, was a peace officer, and that he had received satisfactory proof from a credible person that a felony had been committed, and that the offender was about to escape, and that there was no time to procure a warrant for his arrest, and that his informant pointed out to him, the said Mon Housden, one Jack Copeland as such offender, he, the said Mon Housden, had a legal right to arrest the said Jack Copeland without warrant, etc. We see nothing in the bill supporting any proposition of error.

Apellant's bill of exceptions No. 4 complains of argument of State's counsel in closing the case in that he said:

"Mon Housden, after the shot was fired, got in a car and went to Aubrey and got him a lawyer."

There is nothing in the bill of exceptions that in anywise controverts the truthfulness of this statement of fact, and we see nothing in it of a prejudicial or inflammatory character.

Complaint is made of the form of the verdict assessing appellant's punishment at five years in the "penitiary." Nothing in the exception taken called the specific attention of the trial court to the misspelling of the word "penitentiary" so that he might then have it corrected by the foreman of the jury.

The trial judge gave an unusually apt and correct charge on the issues in the case, including murder with and without malice. The verdict was as follows: "We, the jury, find the defendant guilty and assess his punishment at five years in the penitiary." No exception was taken to the form of the verdict, and no request was made that the verdict specify whether appellant was found guilty of murder with or without malice;

nor was attention called to the misspelling of the word "penitentiary." Neither matter presents reversible error. Mr. Branch in Sec. 646 of his Annotated P. C. cites many cases in support of the general proposition that bad spelling or grammar will not vitiate a verdict if the intention of the jury can reasonably be ascertained. Price v. State, 36 Texas Crim. Rep., 403, and Bain v. State, 46 Texas Crim. Rep., 96, are cited, among others. Again, in Sec. 648 of the same admirable work, are cited many cases upholding the proposition that almost any way of designating or spelling the place of imprisonment, in a verdict, is good if the intention of the jury reasonably appears. Garcia v. State, 48 Texas Crim. Rep., 528, and Stroggins v. State, 43 Texas Crim. Rep., 605, are cited.

We have said in more than one instance that it is not error for the jury to fail to state whether they find the accused guilty of murder with or without malice. See Davis v. State; 10 S. W. (2d) 116; Wright v. State, 21 S. W. (2d) 507; Williams v. State, 34 S. W. (2d) 886. We see no reason for questioning the correctness of said decisions. No possible way for harm to arise to the accused from such holding is perceived. His right to an indeterminate sentence was unaffected, and a five year sentence for murder was neither more nor less onerous because it was not recited whether he was found guilty of murder with or without malice.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*