## T. G. BECKHAM V. THE STATE.

No. 20737. Delivered January 10, 1940.
Rehearing Denied February 21, 1940.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This case has been before this court on two former appeals. The first report will be found in 133 Tex. Cr. R. 206, and the second in 135 Tex. Cr. R. 338.

The conviction was had in McCulloch County and this appeal is from a two-year sentence in the penitentiary on a charge of murder.

The facts of the case are very much like those found in the former appeals except that the appellant did not take the witness stand in his own behalf in this trial. Therefore, we refer to the former reports for a more definite statement of the nature of the case.

Complaint is made because the trial judge refused to permit testimony of a physician as to the deadly character of a knife found in the hand of Raymond Thompson, the deceased. This matter has been specifically passed on in the former appeal and we refer to that opinion as sufficient in the present appeal and adhere to the ruling there made.

Fred Sullivan, a witness for the appellant, was asked on cross-examination, "if it was not a fact that he, Fred Sullivan, was indicted and convicted for the offense of bootlegging in the District Court of Mills County, Texas, in 1931, and that if it was not a fact that he was jointly indicted in said case and jointly tried with the defendant, T. G. Beckham." This evidence was timely objected to as it related to appellant because the appellant had not testified in the case in his own behalf and his general reputation was not in issue. These objections were overruled and the witness was forced to answer the question affirmatively. This court has recently held in cause No. 20,610, Burl Simons v. State, (not yet reported) that specific acts of misconduct or criminal charges are improper for the purpose of rebutting evidence of general good reputation. The holding is supported by good authority, and the error in admitting the testimony is more vital where the appellant has not testified in his case and where his reputation is not in issue. The ruling of the court in admitting this evidence is error for which this cause must be reversed and remanded for a new trial. See Prater v. State, 284 S. W. 965; Brown v. State, 87 S. W. (2d) 720; Edwards v. State, 77 S. W. (2d) 241; Shipley v. State, 100 S. W. (2d) 704.

For the errors stated, the cause is reversed and remanded for a new trial.

## ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State has filed a motion for rehearing insisting that we were in error in predicating a reversal on proof over objection that the witness Sullivan had been jointly indicted with appellant for bootlegging. In an effort to explain away the error in admitting such testimony the State attaches to its motion an excerpt from the notes of the Court Reporter. The proceeding which we are now asked to consider is no part of the record and should not have been attached to the State's motion.

Bills of exception must be construed as they appear in the record and the bill complaining of the incident mentioned is approved without qualification or explanation. The State unquestionably had the right to cross-examine the witness Sullivan upon the point of his friendly relations with appellant, as touching his bias as a witness, but we are at an entire loss to understand how a joint indictment against the witness and appellant could have any bearing upon the question of bias. The return of the indictment was an act of the State, not an act of the witness, and one over which the witness had no control either as to its form or substance. The State, as touching the credibility of Sullivan could ask him about whether he had been indicted in Mills County, but the question as framed involved the joint indictment of appellant with the witness. Of course, if appellant had testified his indictment could have been shown as affecting his credibility. But he did not testify, and under those circumstances we feel compelled to adhere to the conclusion announced in our original opinion.

The State's motion for rehearing is overruled.