# OCTOBER 16, 1940

### A. G. BRAY V. THE STATE.

No. 21070. Delivered June 12, 1940.
Rehearing Denied October 16, 1940.

4

The opinion states the case.

*J. F. Mangum,* of Crockett, and *M. E. Gates,* of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of five years.

The State's testimony shows that before and at the time of the alleged homicide appellant operated a beer tavern and dance hall near Crockett in Houston County. On the night of December 10, 1938, the deceased, accompanied by Mr. and Mrs. Norman Graham, went to the tavern where they engaged in dancing; that about twelve o'clock, while the deceased was standing at the counter drinking Coco-Cola out of a bottle, the appellant, without any apparent cause, excuse or justification, shot the deceased inflicting a mortal wound.

According to the testimony adduced by the appellant, the deceased waived a bottle of Coca-Cola and spilled some of it on the dress of a young lady; that appellant asked the deceased not to do so and attempted to take the bottle away from him; that a scuffle ensued but the deceased retained the bottle and raised his hand in a position to strike, when appellant drew a pistol and fired. The bullet entered the body at the upper end of the breast-bone, and struck and shattered the vertebra.

By Bills of Exception Nos. 2 and 3, the appellant complains of the action of the trial court in permitting the State to offer in evidence the dying declaration of the deceased which is in the following words:

"My name is Bill Barnhill. I am in the Butler Hospital. I was shot by Gloma Bray on Saturday night at Fallstaff Tavern. I realize that I am going to die and this statement is made so you may know how it happened. I am sane and conscious. I was not doing anything at the time Bray shot me. I was standing by the bar and was drinking a Seven-Up. I had not said anything to him or done anything to him. He just walked around the bar to where I was and shot me; he did not say anything to me after he shot. I do not know why he shot me; that night was the first time I had met him.

"Bill Barnhill."

It appears from the dying declaration that the deceased realized that he was going to die and that he made the statement to the County Attorney so that he might know how and by whom the injuries from which he was suffering were inflicted. It shows that the deceased was sane and conscious at the time of the making of the declaration. Appellant objected to the introduction of the same on the ground that it was hearsay and the predicate for the introduction thereof should have been incorporated in the written dying declaration; that it was not dated and was not in compliance with Art. 725, C. C. P. It appears from the bills that the declaration was made by the deceased to the County Attorney of Houston

County, who reduced the same to writing, and that within a short time thereafter the deceased departed this life. The hearsay rule has no application to dying declarations; nor do we think it necessary that the written declaration should be dated. This may be shown by parol testimony as well as the predicate for the introduction of same. It occurs to us that the State complied with Art. 725, C. C. P. by proving by the County Attorney (to whom the declaration was made) that the deceased was conscious of the approaching death; that he stated to the County Attorney that he was going to die and that the declaration was voluntarily made by the deceased; that the County Attorney did not in any way persuade or urge the deceased to make the statement; that the same was not made in reply to any questions. It appears from the record that the proper predicate for the introduction of the dying declaration was laid by the State. The rule seems to be fairly well settled in this State that where the deceased made two statements about the same time, one of which was oral and the other reduced to writing, that both, upon proper predicate having been laid, are admissible. See Ryan v. State, 64 Tex. Cr. R. 628. See also 22 Tex. Jur., secs. 230-232. We see no good reason why a predicate for a dying declaration reduced to writing, could not be made by parol proof, as well as where the dying declaration rested in parol.

In the case of State v. Schmidt, 73 Iowa, 469, the State offered in evidence a written dying declaration which did not contain any part of the predicate for its introduction, but the proper predicate therefor was established by parol testimony. The Supreme Court of that state held the dying declaration admissible. It occurs to us that the dying declaration in the present case relates to how and by whom the mortal wound was inflicted. The predicate for its introduction is quite a different thing. It has no relation to the transaction itself. It merely shows the condition of the injured person's mind, his consciousness of approaching death, and that his declaration was voluntarily made, etc.

Appellant contends that the verdict in this case is so indefinite and uncertain and does not specify whether the jury found appellant guilty of murder with or without malice and therefore was not a proper basis for a judgment thereon. He cites us to many cases as sustaining his contention. We have examined those authorities and find that they were rendered at a time when we had different degrees of murder and manslaughter, but under our present statute, we have no degrees

of murder. Vernon's Ann. P. C. Art. 1256. The only provision we find in the statute is whether the offense of murder was committed with malice or without malice. However, in either instance, it would be murder. In the instant case, the appellant was charged in the indictment with murder with malice aforethought. The court, in his charge, instructed the jury upon murder with malice and also upon the law of murder without malice. The jury, after having received the law in the charge of the court, retired and thereafter brought into court the following verdict:

"We, the jurors, find the defendant guilty and assess his punishment at 5 years in the penitentiary. We recommend that sentence be not suspended.

"Price Brown, Foreman."

The court entered judgment on that verdict and sentenced the appellant to confinement in the penitentiary for a term of not less than two nor more than five years. Suppose that the jury should have stated in their verdict that they found him guilty of murder with malice and assessed his punishment at five years. Appellant could not have complained. Suppose the jury had found him guilty of murder without malice and assessed his punishment at five years' confinement in the State penitentiary. No complaint could have been made because the punishment assessed was authorized by law, whether they found him guilty of murder with or without malice. If this had been returned at the time of the old statute specifying the degrees of murder which prescribed different penalties, then appellant's contention might be tenable; but this conviction was under the present murder statute which makes no distinction in the degrees of murder, and therefore the same rule that formerly prevailed under the old murder statute would not obtain in the instant case.

We quote from 22 Tex. Jur. p. 649, sec. 139, as follows: "It is not necessary in a murder case for the verdict to specify whether the accused is found guilty of murder with or without malice."

See also Davis v. State, 110 Tex. Cr. R. 605, 10 S. W. (2d) 116. We therefore overrule the appellant's contention.

Having reached the conclusion that no reversible error was committed, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

As pointed out in the motion for rehearing, we were in error in stating in the original opinion that appellant operated a beer tavern. According to the statement of facts, he operated a dance hall where soft drinks were sold, there being nothing to indicate that he was engaged in the business of selling beer.

Appellant contends that we were not warranted in stating in the original opinion that he shot deceased without "any apparent cause, excuse or justification." The statement complained of was made in that part of the opinion setting forth the substance of the testimony of the State. In short, the opinion states that, according to the State's testimony, the shooting was without excuse or justification. The opinion clearly shows that, according to the testimony of appellant and his witnesses, appellant acted in self defense. The jury had the right to reject appellant's testimony and that of his witnesses.

Appellant also complains of the failure of the original opinion to refer to the testimony of witnesses for appellant to the effect that about five minutes before the shooting deceased, while under the influence of intoxicating liquor, knocked one of appellant's patrons down, refused to leave the dance hall and cursed appellant. A detailed statement of such testimony is not deemed necessary.

Appellant contends that the verdict is fundamentally defective, his position being that it should have recited whether appellant was guilty of murder with malice or murder without malice, or else recited that he was guilty as charged in the indictment. This court has expressly held that it is not necessary for the jury to specify in their verdict whether the appellant is found guilty of murder with or without malice. In the case of Wright v. State, 21 S. W. (2d) 507, in which a three-year penalty was assessed upon a conviction for murder, it was insisted that the jury should have been instructed by the court to state in their verdict whether appellant was found guilty of murder upon malice or without malice. In overruling this contention, the court said: "The jury was properly instructed what punishment might be assessed under either finding. There is no merit in the objection." In Williams v. State, 34 S. W. (2d) 886, we said: "Appellant insists that the verdict of the jury should have specified whether he was found guilty of murder with or without malice; it being further contended that without such a finding the verdict is too indefinite to support a judgment. Davis v. State, 110 Tex. Cr. R. 605, 10 S. W.

.(2d) 116, is direct authority against the contention. See, also, Wright v. State, 113 Tex. Cr. R. 297, 21 S. W. (2d) 507."

Appellant concedes that the verdict would have been sufficient if it had recited that he had been found "guilty as charged." In the present case no offenses included in an indictment for murder were submitted to the jury. It not being necessary for the jury to specify whether they found appellant guilty of murder with malice or without malice, the finding of the jury that he was guilty was tantamount to a finding that he was "guilty as charged," that is, guilty of murder. See Steinberger v. State, 34 S. W. 617, and 42 Texas Jurisprudence 466. In 42 Texas Jurisprudence 453 it is said:

"In construing a verdict the main object is to ascertain the intention of the jury. * * * All reasonable presumptions and intendments are made in order to sustain the verdict; * * * Indeed it has been said that a verdict should not be set aside unless it is so defective and uncertain that the court cannot know for what offense to pass judgment.

"The verdict may and should be construed in connection with the indictment or information and the charge of the court, especially where the intention of the jury would not otherwise be clear. It is said that it must always be presumed that in expressing their finding the jury have reference to the charge of the court, unless they also state something which shows that such was not their intention." .

Viewing the verdict herein in the light of the principles controlling, we are constrained to hold that .it is sufficient to support the judgment.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.