## T. G. BECKHAM v. THE STATE.

No. 21454. Delivered February 26, 1941.
Rehearing Denied April 2, 1941.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was tried in Hamilton County, Texas, on a change of venue, upon an indictment charging that, with malice aforethought, he killed Raymond Thompson by shooting him with a gun. The killing was alleged to have occurred in Brown County, Texas. Appellant was convicted for murder with malice aforethought and his punishment was assessed at thirty years in the penitentiary.

This is the fourth time this case has been before us. The opinions on the three former appeals will be found reported in 133 Texas Cr. R. 206, 109 S. W. (2d) 764; 135 Texas Cr. R. 338, 120 S. W. (2d) 97; 138 Texas Cr. R. 431, 136 S. W. (2d) 829. In the opinions referred to the facts are sufficiently set forth without the necessity of repeating them here. The evidence is practically the same upon this appeal save that appellant did not testify upon the present trial.

In the only bill of exception brought forward appellant complains because the trial court refused to grant his application for a continuance. The application was predicated upon the absence of Louise Beckham, a daughter of appellant. It is stated in the application that Louise lived with her father in Zephyr, in Brown County; that she had been theretofore regularly summoned as a witness (when is not stated) ; that it was the con-

tention of appellant that deceased and Louise were engaged to be married; that on the afternoon of the killing and a short time prior thereto deceased had brutally beaten Louise. It was stated in the application that if Louise were present, she would testify that deceased had brutally beaten and mistreated her; that she so reported it to appellant immediately before the shooting. The State contested the application for continuance and the facts developed upon the contest are brought forward in connection with the bill.

We conclude that there are a number of reasons supporting the court's action in declining to grant the continuance:

(a) Upon the first trial of this case in Brown County, Louise was used as a witness by appellant. He was convicted and assessed a term of twenty years in the penitentiary. When the case was again called for trial, appellant sought and obtained a continuance because of the absence of said witness, who was at that time shown to be visiting a sister in the State of Tennessee. Upon the second trial in Brown County, appellant was convicted and assessed a term of eighteen years in the penitentiary. Louise, although present, was not used as a witness. After the judgment in the second trial had been reversed, the venue of the case was changed to McCulloch County. Upon the first trial there, a hung jury resulted. Louise was again present but did not testify. On the second trial in McCulloch County, appellant was convicted and given a term of two years in the penitentiary. Again Louise, although present, was not used as a witness. Thus, it appeared to the trial court that upon three occasions after the first trial appellant had not called Louise to testify.

(b) Upon the hearing of the contest, the State exhibited to the trial court the testimony of Louise, both on direct and cross-examinaion, given by her upon the first trial. It appeared therefrom that the witness had not then testified as now claimed by appellant that she would. This may throw some light upon the failure to call Louise as a witness upon three former trials. It certainly justified the trial court in concluding that she would not testify as claimed.

(c) After the second trial in McCulloch County, the venue was changed to Hamilton County. The record fails to show whether the witnesses were put under recognizance to appear before the court in Hamilton County. No process is shown ever to have been issued for Louise returnable to the court in Hamilton County. While it is stated in the application for continuance that appellant did not know where Louise was, yet it clearly

appears from the evidence heard upon the contest that she was well known to the officers of Brown County and was seen frequently in the town of Brownwood; that in fact, she was confined in the county jail in Brown County from the 9th of August until the 18th of August; that appellant was advised of the setting of this case about the 9th of August or a day or two thereafter. If process had been issued for this witness, no difficulty would have been experienced in serving her with the same. Diligence appears lacking.

(d) Upon the contest, the mother of Louise testified that the last year or two Louise had been staying away from home the greater part of the time working; that most of the time her mother did not know where she was and could not tell the court when she was likely to be back; that she might be gone for a year and was liable to come back at any time; that she might be away working for six months or a year and might be out of the state. A sister of the absent witness testified that if she were then trying to locate Louise, she would not know where to write or telegraph; that she did not know whether her information as to her whereabout would be any more definite six months from then. Appellant himself testified upon the contest that he understood Louise had gone away with a man who was himself a transient character and who had in fact served a term in the penitentiary. Thus, it appeared doubtful if her presence could have been secured at the next term of court.

(e) We observe that in the beginning of the statement of facts there is an agreement between counsel for the State and counsel for appellant, which reads as follows:

"It is also agreed that either party, State or defendant, if the same becomes admissible, may introduce in evidence the evidence of any witness from the statement of evidence taken at any former trial of this case without proving the same by the court reporter of the 35th Judicial District."

Appellant did not seek to avail himself of this agreement to reproduce the testimony of Louise although it was available to him.

(f) It is stated in the application for continuance that the testimony expected from the absent witness could not be procured from any other source. The evidence shows that there were three witnesses present at the trial who were with deceased and Louise at the time it was claimed she had been beaten by deceased. Two of these witnesses testified upon the

present trial, yet appellant did not undertake to develop that fact from either of them, nor was the other one called as a witness. We conclude that the trial court was well within his discretion in refusing the continuance.

At the time appellant was convicted in McCulloch County, it was stated in the verdict that the jury found him guilty of murder "without malice." Appellant took the position upon the trial, and re-asserts it here, that in view of said verdict he could not again be placed on trial for murder upon malice aforethought. He properly preserved the point by objecting to the trial court submitting the issue of murder with malice and also requested a special charge to the same effect.

In support of his position appellant cites Sec. 14, Art. 1, of the State Constitution; Art. 8, C. C. P., Art. 702, C. C. P., and a number of cases which would be appropriate and would sustain appellant's contention if the present offense of murder was one of degrees as it was before the murder law was changed in 1927. See Acts, 40th Leg., p. 412, chap. 274; Articles 1256, 1257, 1257a, 1257b and 1257c, Vernon's Ann. Texas P. C., Vol. 2. The present Art. 1257c was incorporated in said statute by an act of the 42nd Leg., p. 94, chap. 60.

Since the repeal of our old murder statute, the holdings of this court have been consistently against the contention here urged. The exact point was raised and decided against appellant in Hill v. State, 126 Texas Cr. R. 79, 69 S. W. (2d) 409; Joubert v. State, 136 Texas Cr. R. 219, 124 S. W. (2d) 368; Ex parte Conway, 118 Texas Cr. R. 148, 37 S. W. (2d) 1017; Hunt v. State, 123 Texas Cr. R. 559, 59 S. W. (2d) 836. See also Herrera v. State, 117 Texas Cr. R. 389, 36 S. W. (2d) 515; Parks v. State, 131 Texas Cr. R. 464, 99 S. W. (2d) 943; Chappell v. State, 124 Texas Cr. R. 187, 61 S. W. (2d) 842; Stephens v. State, 125 Texas Cr. R. 397, 68 S. W. (2d) 181; Morgan v. State, 121 Texas Cr. R. 424, 49 S. W. (2d) 788.

We call attention to the fact that since the enactment of our present murder statute, it has been held many times that in prosecution for murder it is not necessary for the verdict to show whether the accused is found guilty of murder with or without malice. Davis v. State, 110 Texas Cr. R. 605, 10 S.W. (2d) 116; Wright v. State, 113 Texas Cr. R. 297, 21 S. W. (2d) 507; Williams v. State, 117 Texas Cr. R. 459, 34 S. W. (2d) 886; Housden v. State, 131 Texas Cr. R. 256, 98 S. W. (2d) 181. While the cases last mentioned do not deal with the exact question now under consideration, they are consistent with

the holding in the other cases cited for the reason that if the present offense of murder consisted of degrees, it would be necessary for the verdict to specify of which degree of offense the accused was found guilty.

Appellant insists that under the proven facts, it is not shown that he is guilty of murder with malice. Without again reciting the evidence here, we content ourselves with stating that from examination of the facts, it is our opinion that the verdict of the jury is not without support.

The judgment is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

We have again familiarized ourselves with the record in this case and have carefully read the motion filed herein. We can see no good reason for writing further on the matters set forth in such motion. We regret our inability to agree with appellant's contention but remain of the opinion that the original opinion correctly disposes of the contentions made herein.

The motion will therefore be overruled.