**Clyde FOSTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46181.**

Court of Criminal Appeals of Texas.

April 25, 1973.

Rehearing Denied May 16, 1973.

Kenneth L. Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert Bennett, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Conviction for murder with malice, by a jury; the punishment, 10 years.

Appellant, a man 78 years old, killed his friend Frank E. Olsson by shooting him six six times with a pistol. Appellant was at that time married to Rosalee Skurlock, but they were separated. He and Olsson went to her home to pick up a TV. She and Olsson moved the TV away from the wall, then she heard Olsson say, "Clyde, don't shoot me," and looked up and saw appellant aiming a pistol at him. The shots followed.

Deceased was shot six times. When the officers arrived, appellant gave them the fully loaded pistol and said, "Here is the gun. I killed him." Appellant testified, admitted the shooting and claimed self-defense.

■ First appellant complains because the court admitted in evidence certain photographs showing the deceased's legs lying on the floor, the deceased's bloody head and a pool of blood on the floor, showing the deceased lying on the floor and another angle of deceased's body on the floor, because he says they were prejudicial and inflammatory.

These photographs showed facts that were relevant, and those facts were testified to by the witnesses who said the photographs were true and accurate representations of the subjects.

These photographs were properly admitted in evidence. Martin v. State, Tex. Cr.App., 475 S.W.2d 265; Terry v. State, Tex.Cr.App., 491 S.W.2d 161.

We overrule appellant's first ground of error.

■ In his second ground of error appellant asserts that the court erred in permitting his wife to testify against him.

The fatal weakness of this contention is that she was not then his wife. The killing occurred on February 13, 1971. At that time appellant was married to Rosalee Skurlock. They were divorced on March 11, 1971. The trial at which Rosalee Skurlock testified was on October 12 and 13, 1971. She was not asked about and did not testify to any confidential communications between them during such marriage.

Her testimony did not violate the provisions of Article 38.11, Vernon's Ann.C.C.P. Robinson v. State, Tex.Cr.App., 487 S.W.2d 757; Curd v. State, 86 Tex.Cr.R. 552, 217 S.W. 1043. The rule is well stated in 1 Branch's Ann.P.C.2d, p. 180, Sec. 173, as follows:

"The divorced wife of a defendant is a competent witness against him and may testify to dying declarations, res gestae statements or as to any other matter which is not a confidential communication." (Citations omitted.)

Appellant's second ground of error is overruled.

■ For his third ground of error, appellant claims that the court erred in not charging in the guilt or innocence phase of the trial, as requested by him, on the law of murder without malice.

We have searched the record and fail to find any evidence raising this issue; that is, that the appellant was acting under the influence of sudden passion. His contention was that the deceased had his fists doubled up and was attacking him, and he shot him to defend himself.

The court charged in an appropriate manner on his right to defend himself, both from what appeared to him to be danger of suffering death or serious bodily injury, and also as to his right to defend himself against a milder attack, as provided for in Article 1224, Vernon's Ann.P.C. The jury was also instructed that if they had a reasonable doubt that appellant killed the deceased voluntarily and with malice aforethought they should find him not guilty.

■ There was no request to charge on murder without malice in the punishment phase of the trial. Since degrees of murder no longer exist, all voluntary killings being murder, the presence or absence of malice relates only to the punishment. Mosley v. State, 149 Tex.Cr.App. 523, 196 S.W.2d 822; Galloway v. State, Tex.Cr.App., 420 S.W.2d 721; Williams v. State, 117 Tex. Cr.R. 459, 34 S.W.2d 886; Bray v. State, 140 Tex.Cr.R. 3, 143 S.W.2d 593; Beckham v. State, 141 Tex.Cr.R. 438, 148 S.W.2d 1104; Wright v. State, 113 Tex.Cr.R. 297, 21 S.W.2d 507; Davis v. State, 110 Tex. Cr.R. 605, 10 S.W.2d 116.

Appellant's third ground of error is overruled.

Finally, appellant urges us to reverse because the state's attorney asked appellant two questions: one, if he had asked the officers on the way to the jail to get him a hamburger; the other, if he had shown any remorse for having blasted Frank Olsson six times.

The court sustained general objections to these questions and the witness gave no answer to either of them. Appellant's counsel did not ask the court for instructions to disregard. He obtained all the relief he sought, and cannot now complain. Washington v. State, Tex.Cr.App., 484 S.W.2d 721; Burks v. State, Tex.Cr.App., 432 S.W.2d 925.

We overrule appellant's final ground of error.

We find no reversible error in the record, and affirm the judgment.

Opinion approved by the Court.